## FOERSTER v. UNITED STATES (two cases).

(Circuit Court of Appeals, Eighth Circuit. July 14, 1902.)

### Nos. 1,639, 1,641.

1. EVIDENCE—ABSENCE OF DISCUSSION OF CHARACTER EVIDENCE OF GOOD REPUTATION.

The fact that one who has long been acquainted with a witness and his associates has never heard any discussion or remarks concerning his character is excellent evidence of his good character and good reputation. Testimony that one's reputation for truth and veracity is good is not rendered incompetent by the statement of the witness on cross-examination that it had never been brought up to him before.

2. INDICTMENT—CHARGE OF SALE OF LIQUOR TO PERSONS TO GRAND JURORS UNKNOWN.

A charge in an indictment that the defendant sold liquors to divers Indians of the Ponca tribe to the grand jurors unknown sufficiently specifies the buyers, in the absence of evidence that their names were known to the grand jury.

(Syllabus by the Court.)

---

¶ 2. See Intoxicating Liquors, vol. 29, Cent. Dig. §§ 238, 239.

In Error to the District Court of the United States for the District of Nebraska.

Alex. Altschuler, H. C. Brome, and A. H. Burnett, for plaintiffs in error.

S. R. Rush (W. S. Summers, on the brief), for the United States.

Before SANBORN and THAYER, Circuit Judges, and LOCHREN, District Judge.

SANBORN, Circuit Judge. John Foerster and Adam Foerster were jointly indicted for selling liquor to Indians. The indictment contained two counts. The first charged them with selling intoxicating liquors to one Peter Bird Head, an Indian of the Ponca tribe of Indians. The second charged them with selling intoxicating liquors "to divers Indians to the grand jurors unknown, Indians of the Ponca tribe of Indians, which said Indians and said tribe of Indians were then and there under the charge of Henry C. Baird, a duly appointed Indian agent of the United States." The defendants were tried and convicted together under this indictment, and the court fined each of them $200 and costs. They challenge the judgments against them for these fines, and assign the same errors in the two cases, which they present here by separate writs of error.

The character of Henry Dupre, one of the witnesses for the plaintiff, for truth and veracity, had been assailed by the testimony for the defendants. Thereupon H. C. Baird, the United States Indian agent, testified upon direct examination in this way: "Q. Do you know the general reputation of Henry Dupre for truth and veracity? A. Yes. Q. What is it, good or bad? A. Good." On cross-examination he testified: "Q. Who have you ever heard say that Dupre's reputation is good? A. It has never been brought up to me before." Thereupon the defendants' counsel moved to strike out the evidence of this witness on this subject as incompetent and irrelevant, and because proper foundation for it was not laid, and the court said: "The objection is overruled. A person whose reputation is good is never discussed; but a man whose reputation is bad is discussed among others." This ruling, and the remarks accompanying it, are specified as error. But the ruling was right, and the remarks of the court stated a well-settled rule of evidence. The reputation and character of one who quietly and faithfully discharges his legal, civil, and religious duties give little occasion for remark, and are seldom the subject of discussion. Common experience teaches us that the fact that one's character and reputation are not discussed is excellent evidence that they give no occasion for censure, and that they are good, and this is the established rule of the law. State v. Lee, 22 Minn. 407, 409, 21 Am. Rep. 769; State v. Nelson, 58 Iowa, 208, 211, 12 N. W. 253; People v. Davis, 21 Wend. 309, 315; Reg. v. Rowton, 2 Benn. & Heard, Cr. Cas. 333; Gandolfo v. State, 11 Ohio St. 114; Jones, Ev. § 868.

There are many other specifications of error. Several challenge the rulings of the court in the admission of evidence. Others assail the

charge of the court. But they all rest upon a single proposition, and that is that the second count of the indictment was insufficient to charge an offense. The trial court held the count good, and conducted the trial accordingly, and the alleged error in this ruling is the only reason urged in support of all the specifications of error which have not been considered.

The objection urged against the second count of the indictment is that it does not name or specify the person or persons to whom the defendants were charged with selling the liquors. Its averment is that they sold them "to divers Indians to the grand jurors unknown, Indians of the Ponca tribe of Indians." It is undoubtedly true that it is a general rule of criminal pleading that in an indictment for selling liquors it is necessary to name the purchaser. But there is an exception to this rule which is as universal and as well established as the rule itself. It is that when the purchaser or purchasers are unknown to the jury, they may be described in the indictment as persons or Indians to the grand jurors unknown. Durland v. U. S., 161 U. S. 306, 315, 16 Sup. Ct. 508, 40 L. Ed. 709; State v. Doyle, 11 R. I. 574, 575; Com. v. Thurlow, 24 Pick. 374; Blodget v. State, 3 Ind. 403; Capritz v. State, 1 Md. 569; State v. Faucett, 20 N. C. 239. Moreover, the legal presumption is, in the absence of evidence to the contrary, that the averment of a want of knowledge in the grand jury of the names of the persons who made the purchases was true. Coffin v. U. S., 156 U. S. 432, 451, 15 Sup. Ct. 394, 39 L. Ed. 481; Frisbie v. U. S., 157 U. S. 160, 167, 15 Sup. Ct. 586, 39 L. Ed. 657; Com. v. Thornton, 14 Gray, 41, 42.

The argument of counsel for the plaintiffs in error that a conviction under such a charge would not protect them from a second prosecution for the same offense is met by the opinion of the supreme court that parol evidence is always admissible to establish the defense of prior conviction or acquittal. Dunbar v. U. S., 156 U. S. 185, 191, 15 Sup. Ct. 325, 39 L. Ed. 390; Durland v. U. S., 161 U. S. 314, 16 Sup. Ct. 508, 40 L. Ed. 709.

Each of the counts of the indictment upon which this trial was had sufficiently charged an offense under the statutes of the United States, and there was no error in the conduct of the trial.

The judgments below are accordingly affirmed.