### RUTLEDGE v. UNITED STATES. *
#### WALTERS v. SAME.

Circuit Court of Appeals, Eighth Circuit. May 5, 1927.

Nos. 7387, 7388.

Criminal law ⬅369(6)—Admission of evidence of sale of liquor simultaneously with sale subject of prosecution, resulting unavoidably from simultaneous deliveries, held not reversible error.

In prosecution for sale of intoxicating liquor, admission of evidence of another sale to a purchaser other than named in information *held* not reversible error, where it unavoidably resulted from simultaneous deliveries of the purchases involved.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Sidney Rutledge and Emery C. Walters were convicted of selling intoxicating liquor, and they bring error. Affirmed.

E. D. O'Sullivan, of Omaha, Neb. (W. N. Jamieson and C. J. Southard, both of Omaha, Neb., on the brief), for plaintiffs in error.

George A. Keyser, Asst. U. S. Atty., of Omaha, Neb. (James C. Kinsler, U. S. Atty., and Ambrose C. Epperson and Andrew C. Scott, Asst. U. S. Attys., all of Omaha, Neb., and William J. Froelich, Asst. U. S. Atty.,

*Rehearing denied August 2, 1927.

of O'Neill, Neb., on the brief), for the United States.

Before LEWIS and BOOTH, Circuit Judges, and PHILLIPS, District Judge.

LEWIS, Circuit Judge. The plaintiffs in error were jointly charged by information, convicted and sentenced on three counts, each of which charged them with the sale of intoxicating liquor, to wit, a named amount of moonshine whisky, on named dates, at named places in Thurston county, Nebraska, and to named persons. The demurrer to each count was not well taken and the court did not err in overruling them.

There was also a challenge to the whole panel of jurors on the grounds stated in the Jarl and Monroe Cases (C. C. A.) 19 F.(2d) 891. For the reason stated in the opinion in that case, this day filed, the court did not err in overruling the challenge to the array.

The other error assigned is based on the admission, over objection, of the testimony about another sale which was being made at the time one of the purchasers named in one of the counts made his purchase. This testimony was about the confusion that arose in making simultaneous deliveries, one to the person charged in the information as a purchaser and one to a person not named therein. The testimony thus admitted appears to have been unavoidable and proper in describing the sale and delivery named in the information.

The record recites that one of the plaintiffs in error was sentenced to imprisonment in the county jail for a period of *four years*, but the district attorney in his brief says that the confinement was to be for a period of four months. We therefore assume that there is a clerical error in the record here.

We have been confronted with so many instances of loose and careless pleading in cases of this character that we take occasion to commend the form of the charges in this case. None of the assignments of error are meritorious and the judgments of conviction and sentence are affirmed.