## TURK v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
June 6, 1927.

No. 7392.

**1. Indictment and information ⬅➡71—Information charging liquor violation within district on day specified held too indefinite.**

An information charging commission of a described liquor violation within the district, on a day specified, without further particulars, *held* insufficient.

**2. Criminal law ⬅➡723(3)—Argument urging crime wave as reason for conviction held prejudicial misconduct.**

Argument to jury, urging conviction because of crime wave and effect of acquittal on others *held* improper and prejudicial.

**3. Criminal law ⬅➡1165(1)—Verdict based on wrong and unlawful reason not sustainable.**

It is as fatal to a fair trial and lawful conviction that the verdict of the jury was for a wrong and unlawful reason as that it was based on incompetent evidence or an erroneous charge.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Criminal prosecution by the United States against Henry Turk. Judgment of conviction and defendant brings error. Reversed and remanded, with directions.

H. J. Mackey, of Oklahoma City, Okl., for plaintiff in error.

Roy St. Lewis, U. S. Atty., and Leslie E. Salter, Asst. U. S. Atty., both of Oklahoma City, Okl.

Before SANBORN and BOOTH, Circuit Judges, and DAVIS, District Judge.

SANBORN, Circuit Judge. [1] The assistant United States attorney for the Western district of Oklahoma on the 30th day of April, 1925, filed in the court below an information against Henry Turk in two counts, in the first of which he gave the court "to understand and be informed that heretofore, to wit, on or about the 25th day of May, 1924, in Oklahoma county in the Western district of the state of Oklahoma and within the jurisdiction of this court, Henry Turk, * * * then and there being, did then and there knowingly, willfully and unlawfully have in his possession and under his control intoxicating liquors, to wit, beer," and in the second count of this information he did "give the court to understand and be informed that heretofore, to wit, on or about the 25th day of May, 1924, in Oklahoma county, in the Western district of the state of

Oklahoma, and within the jurisdiction of this court, Henry Turk, * * * then and there being, did then and there knowingly, willfully and unlawfully sell and deliver to Roy Rambo intoxicating liquors, to wit, beer." The defendant was given leave to file a general demurrer to this information, which the court considered and overruled, and the defendant excepted to that ruling.

Neither count of this information sets forth any other identifying facts or circumstances of the alleged offenses than those facts or circumstances which have been quoted, and the information was therefore insufficient to entitle the government to introduce any evidence thereunder. The averment that each of the offenses was committed on the 25th day of May, 1924, gave the defendant no notice of the time of its alleged commission for that averment permitted the government to prove each of these offenses at any time within three years prior to the filing of the information. The allegation of place was ineffectual because it permitted the government to prove either offense at any place in the Western district of Oklahoma within the jurisdiction of the court below. The information contained nothing from which the defendant, who was presumed to be innocent, could derive any notice or knowledge when and where within the jurisdiction of the court or under what circumstances the government intended to try to prove either of these alleged offenses against him.

The rule upon this subject in this circuit which has been repeatedly stated is that a defendant in a criminal case, in view of his presumed innocence, is not only entitled to know from the statement of the indictment or information with reasonable particularity what facts the government considers sufficient to make him guilty of the offense mentioned, so that he may procure witnesses and prepare to make his defense thereto, but he is also entitled to demand that the information shall charge the essential facts so specifically that the judgment rendered will be a complete defense to a second prosecution for the same offense. The information in this case utterly fails to comply with this rule. It confines the possible proof of the commission of each of the offenses to no time within three years, to no place within the jurisdiction of the court, to no identifying circumstances, and a judgment upon it would not protect the defendant against a second prosecution for the commission of the same offense at any time within the three years and at any place within the jurisdiction of the court. Lynch v. United States (C. C. A.) 10 F. (2d)

947, 949; Myers v. United States (C. C. A.) 15 F. (2d) 977, 987–990; United States v. Hess, 124 U. S. 483, 8 S. Ct. 571, 31 L. Ed. 516; Armour Packing Co. v. United States (C. C. A.) 153 F. 1, 14 L. R. A. (N. S.) 400; Floren v. United States (C. C. A.) 186 F. 961; Miller v. United States (C. C. A.) 133 F. 337, 341; Fontana v. United States (C. C. A.) 262 F. 283; Goldberg v. United States (C. C. A.) 277 F. 211; Weisman v. United States (C. C. A.) 1 F. (2d) 696; Jarl v. United States, 19 F. (2d) 891, filed May 5, 1927; Partson v. United States, 20 F. (2d) 127, filed May 16, 1927. The result is that the judgment in this case must be reversed and the case must be remanded to the court below with directions to dismiss the information and discharge the defendant.

[2] The record of the trial below discloses an occurrence which would have made it very difficult, if not impossible, to sustain any judgment against the defendant if the information had been sufficient and we are persuaded to take notice of this occurrence to guard against its repetition. At the trial the government had produced a minor, Herman Cluck, who testified that he had been employed by one Roy Rambo for two months in 1924 to carry beer for him and that Herman Turk and Bill Zurline brought to Rambo and sold to him the beer which Cluck carried for Rambo for 25 cents for a pint bottle, that Turk and Zurline brought the beer to Rambo about once in two days and brought from 100 to 300 pint bottles at a time. Mr. Brents, a prohibition officer, testified that he saw this boy Cluck about May 25, 1924, go out into the brush and bring some bottles to a car in which were a Mr. Larkin and Mr. Knott; that he then went to the car and found five bottles of beer in it. At the close of the trial the questions for the jury to determine were, did Henry Turk have possession of any of this beer and did he sell any of it? And those were the only questions necessary for the jury to decide in reaching its verdict. Notwithstanding this fact, during the address of the United States assistant district attorney to the jury, he made the following statements to which counsel for the defendant objected and excepted:

First. "I tell you, gentlemen of the jury, I repeat, if you believe the testimony offered here on behalf of the government to the effect that this defendant brought and sold to Roy Rambo all the way from 100 to 300 bottles of beer every other night, I say if you believe that to be true, why this defendant at this bar of justice is one of the wholesale dealers in (chock) beer we have

ever had in this country. I may be wrong, but that is my deduction when a fellow goes to selling over a thousand bottles of it in a month, I say that is getting to be a wholesaler." Defendant's counsel excepted; the court allowed the exception and said: "There is no evidence here as to how big other bootleggers are in this country. That is a mere statement of counsel. The jury will be governed alone by the evidence in this case."

Second, the assistant United States attorney said to the jury: "The people of this state are looking to know how these cases came out. You are chosen to try this case fairly and impartially, and the question resolves itself into this: If you believe the testimony on behalf of the government, this boy as corroborated by the three government officers, or whether you are going to turn this man loose and say there is no probable cause to believe him guilty, and the only reason why you couldn't believe him guilty under this evidence is that this boy had been convicted of stealing. Any time a man is brought to the bar of justice, and if he is guilty and if he is released by a jury of his peers, what does it do? Why it is simply a red flag, as you might say to others to engage in law violations." To these statements the defendant objected, "as being prejudicial and not within the range of testimony," and said, "I think those statements ought not to be indulged in." The objection was overruled by the court and the defendant excepted.

Third, the assistant attorney for the government said: "I say to you any time a guilty man goes free it is simply an invitation to the youth of this land to go sinking down the pathway of corruption and crime, and the knowledge on the part of this defendant's neighbors who know the facts in this case, and the people of this community who are watching it, and knowledge that this man has gone free in the face of evidence which should convince a jury of his peers that he is guilty simply leads to a belief, what is the use, they get by with it. Why can't we do it? The man that can make the money this defendant has made if you believe the evidence on behalf of the government can get by with it, that is pretty soft. It is more than the average citizen makes. I tell you it comes to a question of law enforcement when you have a case like this at the bar of justice in this country today, and a wave of crime is rampant, and if you don't convict, if juries don't convict upon evidence which is reasonably clear and prove a man guilty beyond all reasonable doubt you simply add flame to the already wave of crime that is sweeping the country." To this counsel for the defendant objected and moved the court to direct a verdict of not guilty or a mistrial on account of the highly prejudicial and fiery argument of counsel for the government. The court said: "The reference of counsel to the crime wave in this country is outside of the case. There is no evidence of that kind. It is a mere opinion of counsel. Let that be disregarded." But, he denied the motion and the defendant excepted.

[3] If the offenses of which the assistant United States attorney was seeking to convict the defendant had been properly charged in the information, the defendant could have been lawfully convicted by the jury on the single condition that they believed beyond a reasonable doubt from the evidence admitted by the court that he had possession of and sold beer at the necessary time and place, and he could not have been lawfully convicted of either of these offenses if the jury were not so convinced from the evidence beyond a reasonable doubt. It is as fatal to a fair trial and a lawful conviction of a defendant by a jury that their verdict was for a wrong and unlawful reason as that it was caused by incompetent evidence or an erroneous charge. If the jury did not believe beyond a reasonable doubt from the evidence before them that the defendant had possession of or sold some beer at the necessary time and place, he could not be lawfully convicted because he was a wholesaler rather than a retailer, or because the release of a guilty man by a jury "is simply a red flag as you might say to others to engage in law violations," or because the defendant has made money. The jury ought not to have been urged by counsel to convict the defendant for any of these alleged reasons and counsel must not expect approval by the court of verdicts sought or obtained on such grounds. When such reasons for verdicts are urged by counsel, it is difficult, if not impossible, to determine whether the verdicts were based on lawful or on unlawful grounds. The issue for the jury in this case was simple, plain, easy of discussion and presentation and the address of counsel to the jury should have been confined to that question—to the question whether the evidence admitted by the court proved beyond a reasonable doubt that the defendant had possession of and sold any beer at the time and place and under the circumstances which ought to have been specified clearly and particularly in the information.

Let the judgment below be reversed, and let this case be remanded to the court below, with directions to dismiss the information and discharge the defendant.