## DAVIS v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
February 23, 1928.

No. 7706.

1. Internal revenue ⬥47(2)—Indictment for possessing still, distilling spirits, and possession of mash held sufficient, as particularly describing offense (26 USCA §§ 261, 281, 306, 307).

Indictment in prosecution under Rev. St. §§ 3257, 3258, 3281, 3282 (26 USCA §§ 261, 281, 306, 307; Comp. St. §§ 5966, 5993, 5994, 6021, 6022), for possession of a still without registering it with the collector of internal revenue, actual distilling of spirits, carrying on business without authority, and possession of mash, which not only alleged particular character of offenses charged, but particularly described still used in transaction, and specifically named persons carrying on operation, *held* sufficient, as particularly describing offense, so as to distinguish it from any other similar offense.

2. Criminal law ⬥780(3)—Instruction requiring scrutiny of accomplice's testimony held not erroneous (26 USCA §§ 261, 281, 306, 307).

In prosecution under Rev. St. §§ 3257, 3258, 3281, 3282 (26 USCA §§ 261, 281, 306, 307; Comp. St. §§ 5966, 5993, 5994, 6021, 6022), relating·to internal revenue, instruction as to accomplice's testimony, requiring jury to scrutinize testimony carefully, and not act on uncorroborated testimony, unless satisfied of its truth, *held* not erroneous.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Davis, Judge.

Arthur Davis was convicted for violations of statutes relating to internal revenue, and he brings error. Affirmed.

T. J. Hoolan, of St. Louis, Mo., for plaintiff in error.

Arthur A. Hapke, Asst. U. S. Atty., of St. Louis, Mo. (Louis H. Breuer, U. S. Atty., of Rolla, Mo., on the brief), for the United States.

Before KENYON and BOOTH, Circuit Judges, and MUNGER, District Judge.

BOOTH, Circuit Judge. This is a writ of error to a judgment of conviction for violations of sections 3258, 3257, 3281, 3282, Revised Statutes (USCA tit. 26, §§ 281, 261, 306, 307 [Comp. St. §§ 5966, 5993, 5994, 6021, 6022]), relating to internal revenue.

Davis, plaintiff in error, was indicted with three others, Harry Riechmann, Thomas Lewis, and George Meyer. The indictment contained four counts. The first, which may be taken as typical, was as follows:

"That on or about the 22d day of November, A. D. 1922, in the county of St. Louis, in the state of Missouri, within the division and district aforesaid,.and within the First internal revenue district of Missouri, and within the jurisdiction of the court aforesaid, Harry Riechmann, Arthur Davis, Thomas Lewis, and George Meyer did willfully, unlawfully, and feloniously have in their possession and under their custody and control a certain still set up, and that the said Harry Riechmann, Arthur Davis, Thomas Lewis, and George Meyer had unlawfully failed and neglected to register the same with the collector of internal revenue of the United States within and for the First internal revenue district of Missouri, by subscribing and filing with the·said collector of internal revenue of the United States aforesaid, immediately upon said still being set up, or at any time thereafter, duplicate statements in writing, setting forth the particular place where said still was set up, the kind of still so set up, the cubic contents thereof, the owner or owners thereof, his or their place or places of residence, and the purpose for which the said still had been or was intended to be used, and that said still consisted of a boiler, cooker, worm and condenser, together with all other necessary attachments and adjustments thereto pertaining, necessary and essential for the operation thereof, and which said still was then and there capable of and was intended and designed on the parts of the said Harry Riechmann, Arthur Davis, Thomas Lewis, and George Meyer, for the unlawful production of distilled spirits for beverage and commercial purposes."

The second count charged the actual distilling of spirits with intent to defraud the government of the tax. The third count charged the carrying on the business of distillers without authority and without giving bonds. The fourth count charged the possession of 15,000 gallons of mash.

Riechmann pleaded guilty and testified

for the government. The jury disagreed as to Lewis and Meyer. Davis was found guilty on all four counts. He was sentenced to one year and one day at Leavenworth on each count, the sentences to run concurrently. A fine was also imposed upon him on each count. The evidence tended to show the following salient facts:

On the evening of November 22, 1922, several prohibition agents visited the farm of Riechmann, a short distance outside the city of St. Louis. Acting under a warrant, they searched the premises. They found a small shed about 40 feet from the house. The shed was divided by a partition into two rooms. In one room they found Lewis and Meyer; also two cans of alcohol, a pump, and two baskets of lunch. In the other room they found Davis; also a still set up and in operation. Alcohol was running from the still. North of the shed was a vat, dug in the ground and lined with cement. A rubber pipe led from the vat to the pump. The vat contained about 15,000 gallons of fermented mash. Riechmann was found in the house. All four of the defendants were arrested, and, after Davis had made some change in his clothing, all were taken to the city. Davis said to one of the agents after his arrest: "Well, you surely nipped us in the bud. We just had started—hadn't sold a drop. We just made these two cans; what you got is all we have made."

On the trial Riechmann testified that some days prior to the raid Davis and a man named Logenbach came out to his farm and wanted to rent shedroom; that he rented the shed to them for $200 a month; that he dug the hole for the vat, for which he was to receive $20; that Logenbach paid him $10; that Logenbach and Davis brought out a plasterer, who cemented the vat; that Davis and Logenbach helped the plasterer; that Davis helped fill the vat with water; that Davis, Logenbach, and he set up the still; that Logenbach started the fire under the still the night before the raid, and took care of it that night, and until Davis came, with Lewis and Meyer; that Logenbach and a man he had with him as helper left about the time Davis, Lewis, and Meyer came; that some time after the raid the four defendants had a conference with Logenbach relative to getting a lawyer. Riechmann admitted that he had been convicted of felony and had served his sentence; that he hoped to escape going to prison again by testifying for the government.

Davis testified in his own behalf that he was at the farm in the shed at the time of the arrest; that he had no interest in the still; that Logenbach had told him he was starting up, and he went out sightseeing, just to see how it worked; that Logenbach was there when he arrived, but left shortly after, saying that he was going to get a load of cans, and would be back and show them how it worked; that they waited there about two hours and a half and then were arrested; that they had a conference with Logenbach later on, and he paid to get bondsmen for them, but refused to spend any more money; that he did not know where Logenbach was at the time of the trial.

Two points covered by the assignments of error are relied upon in this court: First, that the court erred in overruling the demurrer to the indictment; second, that the court erred in not instructing the jury to disregard the uncorroborated testimony of the accomplice Riechmann. The demurrer was interposed jointly by all of the defendants. It was the same to each count. To the first count it read as follows:

"(1) Said first count of said indictment fails to state sufficient facts to constitute an offense against the laws and statutes of the United States.

"(2) Said first count of said indictment is so vague, indefinite, and uncertain that it does not sufficiently inform the defendants of the charges they are called upon to meet, so as to enable them to prepare their defense thereto, or charge any essential facts so specifically that a judgment rendered thereon will be a complete defense to a second prosecution."

[1] It is not contended in this court that the indictment did not set out the essential ingredients of the offense charged, but that it was insufficient, because it did not allege "any particulars descriptive of the offense as to place or circumstances, or distinguishing it in any other manner from any other similar offense." Plaintiff in error cites in support of his contention cases from this court: Lynch v. United States (C. C. A.) 10 F.(2d) 947; Myers v. United States (C. C. A.) 15 F.(2d) 977; Jarl v. United States (C. C. A.) 19 F.(2d) 891; Gaughan v. United States (C. C. A.) 19 F.(2d) 897; Corcoran v. United States (C. C. A.) 19 F.(2d) 901; Partson v. United States (C. C. A.) 20 F.(2d) 127; Turk v. United States (C. C. A.) 20 F.(2d) 129.

In the Turk Case this court, speaking by Circuit Judge Sanborn, said:

"The rule upon this subject in this circuit

which has been repeatedly stated is that a defendant in a criminal case in view of his presumed innocence, is not only entitled to know from the statement of the indictment or information with reasonable particularity what facts the government considers sufficient to make him guilty of the offense mentioned, so that he may procure witnesses and prepare to make his defense thereto, but he is also entitled to demand that the information shall charge the essential facts so specifically that the judgment rendered will be a complete defense to a second prosecution for the same offense."

The "identifying earmarks of the occasion" thus required to be stated may relate to time, place, persons present, or other circumstances. In Rutledge v. United States (C. C. A.) 19 F.(2d) 896, this court took occasion to comment favorably on an information charging unlawful sales of intoxicating liquor. The information stated the dates, the places, the amount sold, the kind of liquor, and the names of the persons to whom sold.

Particular specification as to place would seem to be one of the most satisfactory earmarks, and one almost always within the knowledge of the pleader; but no particular earmark is indispensable. Thus, in Gaughan v. United States, supra, this court held that the naming of the particular kind of a vehicle in which the alleged illegal transportation of intoxicating liquor was made was a sufficient earmark. The same holding was made in Corcoran v. United States, supra. It is the presence of some identifying earmark, and not of any particular one, that is important.

With these rulings in mind, let us examine the indictment in the case at bar. In the first place, the character of the offenses charged is somewhat unusual, and in itself tends to identify the transaction. The possession of a still, the operation of the same, carrying on the business of distillers, the possession of mash, constitute a transaction not of an ordinary nature. But this is not all. The still is particularly described in the indictment as to its construction, and as being set up, and as capable of operation. Further, the offenses are charged as being committed in association with three other persons, and these three persons are specifically named. When an offense is charged to have been committed in association with others, who are named, each additional associate named gives additional definiteness to the charge, and there comes a point where the mere number of associates so named is a sufficient identifying earmark of the offense. We

think that point was reached in the case at bar.

In this respect we think the present case is to be distinguished from all of the cases cited by counsel, although the Partson Case approaches it more closely than any of the others.

[2] As to the court's charge touching the testimony of the accomplice, Riechmann, we think it is not open to criticism. The jury was told to scrutinize the testimony carefully, and not act upon the uncorroborated testimony, unless satisfied of its truth. The jury was further told to consider whether the testimony of the accomplice was corroborated by that of other witnesses. We think the charge in respect to this matter was clear, correct, and sufficient, and that it followed the rule laid down in the case of Caminetti v. United States, 242 U. S. 470, 37 S. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F. 502, Ann. Cas. 1917B, 1168. We may add that there was very considerable testimony which the jury might have found to corroborate that of the accomplice Riechmann.

Our conclusions are that the indictment was valid, and that the error assigned challenging the charge of the court is without merit. We think the judgment should be affirmed.

It is so ordered.