# SWAFFORD v. UNITED STATES.*

Circuit Court of Appeals, Eighth Circuit.
April 12, 1928.

No. 7952.

**1. Intoxicating liquors ⚘219—Indictment for sale of liquor, naming alleged purchaser of liquor, sufficiently identifies transaction.**

Indictment charging sale of intoxicating liquor, naming party to whom sale was alleged to have been made, sufficiently identifies the transaction.

**2. Indictment and information ⚘69—General averment of lack of knowledge by grand jury as to exact place where alleged crime was committed held sufficient.**

A general averment, made in good faith in indictment, of lack of knowledge on part of grand jury as to exact place where alleged crime was committed, is sufficient in cases where grand jury may be satisfied from evidence that crime has been committed, but cannot ascertain by reasonable investigation the exact place where it was committed.

**3. Indictment and information ⚘140(2)—Allegation that place of possession of liquor was not more specifically known to grand jury is presumed true, in absence of contrary showing.**

Statement in indictment that place of possession of intoxicating liquor was not more specifically known to the grand jury is presumed to be true, unless the contrary in some way appears from the record.

**4. Criminal law ⚘1032(7)—Alleged fatal variance between allegations of indictment and proof, raised for first time on appeal, held too late.**

Question raised by defendant for first time on appeal, that allegation in indictment that place of possession of liquor was not more specifically known to grand jury was false, and that there was a fatal variance between allegations and proof, was too late.

**5. Indictment and information ⚘140(2)—Testimony on trial held not to show that statement that place was unknown to grand jury was untrue, it not appearing same evidence was before grand jury.**

That government witnesses testified in a general way as to residence of defendant where liquor was alleged to have been purchased *held* insufficient to show that statement in indictment that place of possession of liquor was not more specifically known to grand jury was untrue, where it was not shown that same testimony as to particularity was before grand jury.

**6. Indians ⚘38(4)—Indictment charging possession of liquor in former Indian Territory held to charge an offense (25 USCA §§ 241a, 244).**

Indictment charging possession of liquor in town within limits of what had been Indian Territory prior to admission of Oklahoma into Union *held* sufficient to charge an offense under Act June 30, 1919, § 1 (25 USCA § 244), it being sufficient if possession of liquor was

*Rehearing denied June 23, 1928.

in place where its introduction is prohibited by Act March 1, 1895, § 8 (25 USCA § 241a).

**7. Indians ⚘35—Act, in so far as it prohibits introduction of intoxicating liquor in Indian Territory, held in force (25 USCA §§ 241, 241a).**

Act March 1, 1895, § 8 (25 USCA § 241a), was not repealed by Act Jan. 30, 1897 (25 USCA § 241), but is in force in that portion of state of Oklahoma which was formerly Indian Territory, in so far as introduction of intoxicating liquor is concerned.

**8. Witnesses ⚘342—Showing that witness' general reputation as to truth and veracity is bad is proper impeachment.**

It is proper impeachment to show that the general reputation of a witness as to truth and veracity is bad in the community in which he lives.

**9. Witnesses ⚘357—Form of question in seeking to impeach witness by showing bad reputation as to truth and veracity is largely within trial court's discretion.**

It is largely discretionary with the trial court as to what the form of question may be to develop fact that general reputation of witness as to truth and veracity is bad, in seeking to impeach him.

**10. Witnesses ⚘357—Refusal to permit witness to state whether he would believe government witness under oath, after stating that his reputation was very bad, held not ground for complaint (Jud. Code, § 269 [28 USCA § 391]).**

Where, in seeking to impeach government witness, defendant's witness had stated that reputation of government witness for truth and veracity was very bad, *held* that, under Judicial Code, § 269 (28 USCA § 391), defendant cannot complain because court sustained objection to question whether witness would believe government witness under oath.

In Error to the District Court of the United States for the Northern District of Oklahoma; Franklin E. Kennamer, Judge.

H. S. Swafford was convicted of unlawful possession and sale of intoxicating liquor, and he brings error. Affirmed.

S. M. Cunningham, of Sapulpa, Okl., and W. C. Peters, of Tulsa, Okl., for plaintiff in error.

John M. Goldesberry, U. S. Atty., of Tulsa, Okl. (W. B. Blair, Asst. U. S. Atty., of Tulsa, Okl., on the brief), for the United States.

Before KENYON, Circuit Judge, and SCOTT and SYMES, District Judges.

KENYON, Circuit Judge. Plaintiff in error was convicted on two counts of an indictment, the first charging him with unlawful possession of intoxicating liquor in the city of Bristow, Creek county, state of Oklahoma, a place within the limits of what had

been Indian Territory prior to the admission of Oklahoma into the Union, and where the possession of intoxicating liquor is and was prohibited by federal statutes. The second count alleged a sale of intoxicating liquor at the same place. The indictment was challenged by motion to quash, on the ground that the same was indefinite in description; the place of the alleged possession and sale not being sufficiently identified.

[1] There is no legitimate objection to the second count on this score. The party to whom the sale was alleged to have been made is there named, and this is a sufficient earmark to identify the transaction. Davis v. United States, 24 F.(2d) 814 (opinion this court, filed February 23, 1928). Count 1 of this indictment is distinguishable from the indictment in the Lynch Case (C. C. A.) 10 F.(2d) 947, where the description of the offense was held to be insufficient, only by virtue of the following reference to the place of possession of the liquor, "a more accurate description of the exact place being to the grand jurors unknown."

[2] What is the effect of such phrase in an indictment? It cannot be brushed aside as meaningless, nor can it be used as a mere cure-all for defects in particularity of statement. A grand jury may be satisfied from the evidence before it that a crime has been committed, but may not be able to ascertain by a reasonable investigation the exact place where the crime was committed. This should not preclude prosecution for the offense, and the general averment of lack of knowledge on the part of the grand jury as to the exact place where the alleged crime was committed meets such situation. That averment, to be availing, must be a good-faith one, and not a mere makeshift and sham. In Coffin v. United States, 156 U. S. 432, 451, 15 S. Ct. 394, 402 (39 L. Ed. 481), where a question was raised as to an indictment which stated that the names of certain persons were unknown to the grand jury, and an instruction had been offered in the trial court that, if no evidence had been placed before the jury tending to show that the names of such persons were unknown to the grand jury, then the government's case must fail, the Supreme Court said: "The instruction was rightly refused. It presupposes that, where there is an averment that a person or matter is unknown to a grand jury, and no evidence upon the subject of such knowledge is offered by either side, acquittal must follow, while the true rule is that, where nothing appears to the contrary, the verity of the averment of want of knowledge in the grand jury is presumed." On this subject we quote from a number of cases, viz.:

Foerster v. United States, 116 F. 860, 862 (this court): "It is undoubtedly true that it is a general rule of criminal pleading that in an indictment for selling liquors it is necessary to name the purchaser. But there is an exception to this rule which is as universal and as well established as the rule itself. It is that when the purchaser or purchasers are unknown to the jury, they may be described in the indictment as persons or Indians to the grand jurors unknown."

Miller v. United States, 133 F. 337, 341 (this court), where the indictment charged plaintiffs in error with conspiring to devise a scheme to defraud persons unknown: "Nor is it a tenable objection to an indictment that it fails to state the names of the parties whom the defendants are alleged to have conspired to devise a scheme to defraud, if it contains a true statement that these persons were unknown to the grand jury."

Durland v. United States, 161 U. S. 306, 314, 16 S. Ct. 508, 511 (40 L. Ed. 709): "Further, the omission to state the names of the parties intended to be defrauded and the names and addresses on the letters is satisfied by the allegation, if true, that such names and addresses are to the grand jury unknown. And parol evidence is always admissible, and sometimes necessary, to establish the defence of prior conviction or acquittal." Commonwealth v. Matthew T. Hendrie, 2 Gray (Mass.) 503; Commonwealth v. Calvin A. Hill, 11 Cush. (Mass.) 137; Commonwealth v. Robert Sherman, 13 Allen (Mass.) 248; Commonwealth v. Thais Stoddard, 9 Allen (Mass.) 280; Commonwealth v. Bridget Thornton, 14 Gray (Mass.) 41; Rieger v. United States (C. C. A.) 107 F. 916.

[3-5] The allegation of the indictment that a more particular description of the place was not known to the grand jury, in the absence of testimony to the contrary, will be presumed to be a verity. Foerster v. United States (C. C. A.) 116 F. 860; Fall v. United States (C. C. A.) 209 F. 547; Coffin v. United States, 156 U. S. 432, 15 S. Ct. 394, 39 L. Ed. 481; Frisbie v. United States, 157 U. S. 160, 15 S. Ct. 586, 39 L. Ed. 657. According to the test laid down by these cases, the statement of the indictment that the place of possession of the liquor was not more specifically known to the grand jury is presumed to be true, unless the contrary in some way appears from the record. It is urged that, because certain of the witnesses in the trial court were before the grand jury, and these witnesses in their testimony in the trial

court indicated in a rather general way where the alleged sale of liquor was made to one Farmer, therefore it must be presumed that the statement made by the grand jury as to the lack of knowledge of the particular place of possession of the liquor was false, and that there is a fatal variance between the allegations in the indictment and the proof. The witnesses, Farmer, Walker, and Van Sickle, testified in a general way, though not specifically, as to the residence of defendant, the place where Farmer testified he had purchased the liquor; but that does not prove that the same testimony as to particularity was before the grand jury. Plaintiff in error did not raise this question in the trial court, where it could have been dealt with in proper manner; but it is for the first time presented in this court. It is evidently an afterthought, and is too late.

However, were the question properly here, we would not be convinced from the record that the statement of the grand jury as to its lack of knowledge of the place of possession of the liquor was necessarily untrue. In Kanner et al. v. United States, 21 F.(2d) 285, 288, the court said: "The courts do not view with favor a claim of variance in the allegation of ignorance on the part of the grand jurors; the variance should appear positively." Also, on page 287: "It is enough to excuse particularity of description of the manner of committing the offense for the grand jurors to allege that they do not know the details." Certainly in the administration of the criminal law it must be presumed, in the absence of evidence to the contrary, that prosecuting attorneys and grand jurors are acting in good faith. Otherwise our criminal procedure would break down. The allegation of this indictment that "a more accurate description of the exact place being to the grand jurors unknown" distinguishes this indictment from the one in the Lynch Case. We conclude the court did not err in overruling the motion to quash the indictment.

[6] Plaintiff in error further claims that sentence could not be imposed on the first count of the indictment under the Act of Congress of June 30, 1919 (41 Stat. 3), or any other act of Congress making it an offense to have possession of liquor in Indian country, for the reason that Bristow, Okl., where the alleged illegal possession of liquor was had by plaintiff in error, was not Indian country. It was stipulated that all the land within the original corporate limits of the town of Bristow had been platted and subdivided into blocks and lots, and the lots sold and con-veyed to the purchasers, many years prior to this alleged offense, and that the Indian title was extinguished. The government concedes that it was not Indian country, but insists that it is not necessary that the place of possession be Indian country at the time the indictment is found, but that it is sufficient if the possession of liquor was in a place where its introduction had theretofore been prohibited by federal statute. The correctness of the government's theory has been settled by many decisions of this court. This indictment was under the Act of June 30, 1919, which provides as follows:

"On and after July 1, 1919, possession by a person of intoxicating liquors in the Indian country or where the introduction is or was prohibited by treaty or federal statute shall be an offense and punished in accordance with the provisions of the Acts of July 23, 1892, * * * and January 30, 1897." U. S. Comp. Stat. 1925, Cumulative Supp. Compact Ed. § 4137aa (25 USCA § 244).

Section 8 of the Act of March 1, 1895, which was the act prohibiting the introduction of intoxicating liquor into Indian Territory, is as follows:

"Any person, whether an Indian or otherwise, who shall, in said territory, manufacture, sell, give away, or in any manner, or by any means furnish to any one, either for himself or another, any vinous, malt, or fermented liquors, or any other intoxicating drinks of any kind whatsoever, whether medicated or not, or who shall carry, or in any manner have carried, into said territory any such liquors or drinks, or who shall be interested in such manufacture, sale, giving away, furnishing to any one, or carrying into said territory any of such liquors or drinks, shall, upon conviction thereof, be punished by fine not exceeding five hundred dollars and by imprisonment for not less than one month nor more than five years." U. S. Comp. Stat. 1918, Compact Ed. § 4136b (25 USCA § 241a).

It was not questioned that Bristow is within what was formerly Indian Territory, and was therefore a place where the introduction of intoxicating liquor had been prohibited by the Act of March 1, 1895. This act remained in force after the admission of Oklahoma into the Union as a state, at least that part of the act prohibiting the introduction of intoxicating liquor into what had been Indian Territory. Edwards v. United States (C. C. A.) 5 F.(2d) 17; Browning v. United States (C. C. A.) 6 F.(2d) 801; Lucas v. United States (C. C. A.) 15 F.(2d) 32; Renfro v. United States (C. C. A.) 15 F.

(2d) 991; Sharp v. United States (C. C. A.) 16 F.(2d) 876; Ex parte Charley Webb, 225 U. S. 663, 32 S. Ct. 769, 56 L. Ed. 1248; United States v. Wright, 229 U. S. 226, 33 S. Ct. 630, 57 L. Ed. 1160.

[7] Plaintiff in error further contends the Act of March 1, 1895, supra, was repealed by the Act of January 30, 1897 (Comp. St. § 4137 [25 USCA § 241]), and that the Act of June 30, 1919, supra, did not have the effect of re-enacting the Act of March 1, 1895, but amended the Act of July 23, 1892 (Comp. Stat. § 4136a [25 USCA § 241]), and the Act of January 30, 1897, and that therefore the Act of June 30, 1919, related entirely to the possession of intoxicating liquor in Indian country. We are unable to agree with these contentions.

In Morris v. United States, supra, this court held that the Act of June 30, 1919, referred to the Act of March 1, 1895. We have before referred to the many holdings of the courts that the Act of March 1, 1895, is in force in that portion of the state of Oklahoma which was formerly Indian Territory, in so far as the introduction of intoxicating liquor is concerned. The indictment was sufficient to charge an offense under the Act of June 30, 1919, supra. Lucas v. United States (C. C. A.) 15 F.(2d) 32; Buchanan v. United States (C. C. A.) 15 F.(2d) 496; Renfro v. United States (C. C. A.) 15 F. (2d) 991; Morris v. United States (C. C. A.) 19 F.(2d) 131.

[8-10] The other point urged by plaintiff in error is that the trial court erred in not permitting his witnesses, S. H. Taylor and Chester Brison, to answer questions relative to a certain government witness, Paul Farmer. These witnesses, in answer to an inquiry as to whether they were acquainted with Paul Farmer's reputation for truth and veracity in the community in which he lived, stated that they were, and in answer then to the question, "Is that good or bad?" stated, "Very bad." The question was then asked, "From your general knowledge of his reputation for truth and veracity, would you believe him under oath?" and objection thereto was sustained. It is proper impeachment to show that the general reputation of the witness as to truth and veracity is bad in the community in which he lives. 22 C. J. § 574; 10 R. C. L. § 124. It is largely discretionary with the trial court as to what the form of the question may be to develop that fact. Here plaintiff in error had all the advantage that would come from an answer to the question proposed as to whether the witness would believe him under oath, and certainly

plaintiff in error has nothing to complain of under the ruling of the court. It is such objections as this that section 269 of the Judicial Code (28 USCA § 391) seeks to eliminate.

The judgment of the trial court is affirmed.