### SCHEFF v. UNITED STATES. *

Circuit Court of Appeals, Eighth Circuit.
May 31, 1929.

No. 8062.

---

[1] As the opinion in that case contains the testimony in full, we, by reference, make it a part of this opinion and thus avoid repetition.

*Rehearing denied September 23, 1929.

David Tant, of Oklahoma City, Okl. (Morris & Tant, of Oklahoma City, Okl., on the brief), for plaintiff in error.

Roy St. Lewis, U. S. Atty., of Oklahoma City, Okl. (Fred A. Wagoner and William P. Kelley, Asst. U. S. Attys., both of Oklahoma City, Okl., on the brief), for the United States.

Before STONE, Circuit Judge, and FARIS and SYMES, District Judges.

SYMES, District Judge. Plaintiff in error was indicted, charged with selling and giving away intoxicating liquor, to wit, whisky, to one Fannie Lasley, the said Fannie Lasley then and there being an Osage Indian, to whom an allotment of land had been made, the title to which is being held in trust by the government, and the said Fannie Lasley then and there being a ward of the government in charge of an Indian superintendent.

Upon being arraigned on March 2, 1927, the plaintiff in error pleaded not guilty. In October following he asked leave to withdraw his plea and file a demurrer. The request was denied, and exceptions allowed. A few days later he was tried and convicted.

The first, second, and third assignments of error challenge the sufficiency of the indictment, and charge abuse of discretion on the part of the trial court in refusing to allow the plaintiff in error to withdraw his plea of not guilty, for the purpose of filing a demurrer to the indictment, and refusing a motion in arrest of judgment, for the reason that the indictment failed to state facts sufficient to constitute a crime, and for the further reason that the indictment was vague, indefinite, and uncertain, and insufficient to permit plaintiff to base a plea of former jeopardy thereon.

Counsel cited Turk v. U. S. (C. C. A.) 20 F.(2d) 129, in support of his argument that there are no identifying facts and circumstances of the alleged offense set forth. The indictment charges that "one Bud Scheff did * * * sell, give away," intoxicating liquor to one Fannie Lasley in Oklahoma county, Western District of Oklahoma, said Fannie Lasley then and there being an Osage Indian, an allottee of land held in trust by the government; that she was a ward of the government in charge of an Indian superintendent. We are of the opinion that these allegations are enough in the way of identifying facts to make Turk v. U. S., supra, inapplicable, and to bring it within Davis v. U. S. (C. C. A.) 24 F.(2d) 814, holding that it is the presence of some identifying earmarks, and not any particular one, that is required. This is especially true, in the absence of a request for a bill of particulars.

The request of the defendant to be permitted to withdraw his plea was addressed to the sound discretion of the court, and it cannot be said that the discretion was abused. The motion was not made until six months after the plea, and admittedly made for the purpose of raising the question just discussed, so it would have availed the defendant nothing. Flowers v. U. S. (8th C. C. A.), 32 F.(2d) 1004, not yet reported.

■ The fourth assignment complains of the conduct of the district attorney in the cross-examination of Fannie Lasley. He read from a prepared statement of the witness certain extracts tending to show that the defendant had on other occasions given her whisky. This was part of a statement admittedly made by the witness covering her conduct with the defendant on both the 23d and 25th of October; the latter being the date of the crime charged. If it was error, it was corrected by the court in sustaining a motion of defendant's counsel to strike it from the record, and in instructing the jury not to consider the immaterial part of the statement. The court stated that it was proper under the circumstances to consider it as a test of the credibility of the witness, but that the jury were not entitled to infer that, because liquor was furnished on one occasion, it would be probable that it was furnished on the date charged in the indictment.

The proper effect to be given this exhibit was again called to the attention of the jury, when the court refused to permit the statement to be taken to the jury room, and told them that the part struck out should not be considered.

■ Under the fifth, and last assignment, the defendant complains that it was not shown that the defendant had knowledge of the fact that Fannie Lasley was a ward of the government at the time he gave her the whisky. The statute does not require any such proof, and in the absence of such a requirement, the objection is frivolous.

The record clearly discloses that the defendant was guilty.

The judgment of conviction should be, and is, affirmed.