## TURK v. UNITED STATES.
### No. 59.

Circuit Court of Appeals, Tenth Circuit.
Feb. 5, 1930.

Orban Patterson, of Oklahoma City, Okl., for appellant.

W. E. Wiles, Asst. U. S. Atty., Roy St. Lewis, U. S. Atty., and Herbert K. Hyde, Asst. U. S. Atty., all of Oklahoma City, Okl.

Before LEWIS, PHILLIPS, and McDERMOTT, Circuit Judges.

PER CURIAM.

■ Defendant was convicted on two counts charging the sale of intoxicating liquor, and on a third count charging possession. The sentences were concurrent.

The first count charged a sale to a named purchaser "in Oklahoma County, in the Western District of the State of Oklahoma"; the second count was the same, except as to the date.

The only error relied upon is that the information was fatally defective in not alleging the place of the commission of the crime more specifically. The decisions of the Eighth Circuit in Turk v. United States (C. C. A.) 20 F.(2d) 129, and Partson v. United States (C. C. A.) 20 F.(2d) 127, are relied upon.

This precise question had the consideration of this court in Coyle v. United States, 34 F.(2d) 399. The facts are identical. This court considered the cited cases and the earlier cases of Lynch v. United States (8 C. C. A.) 10 F.(2d) 947; Myers v. United States (8 C. C. A.) 15 F.(2d) 977; United States v. Hess, 124 U. S. 483, 8 S. Ct. 571, 31 L. Ed. 516; Armour·Packing Co. v. United States (8 C. C. A.) 153 F. 1, 14 L. R. A. (N. S.) 400; Floren v. United States (8 C. C. A.) 186 F. 961; Miller v. United States (8 C. C. A.) 133 F. 337; Fontana v. United States (8 C. C. A.) 262 F. 283; Goldberg v. United States (8 C. C. A.) 277 F. 211; Weisman v. United States (8 C. C. A.) 1 F.(2d) 696; and Jarl v. United States (8 C. C. A.) 19 F.(2d) 891. It also considered the later cases of Swafford v. United States (8 C. C. A.) 25 F.(2d) 581, and Davis v. United States (8 C. C. A.) 24 F.(2d) 814. After such consideration, this court held that, where the purchaser was named, the offense was sufficiently identified. We adhere to that decision.

■ Count three stands in different stead, in that it charges possession "in Oklahoma County, in the Western District of Oklahoma," without further identification. Since the sentence on the third count is concurrent with the sentences on the first and second counts, it is unnecessary to consider the error assigned.

The judgment is affirmed and the mandate will issue forthwith.

Affirmed.