**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert James GARRETT, Defendant-Appellant.**

**No. 17192.**

United States Court of Appeals,
Seventh Circuit.

May 6, 1970.

1236

Raymond J. Smith, Chicago, Ill., for defendant-appellant.

Thomas A. Foran, U. S. Atty., Chicago, Ill., for plaintiff-appellee; John Peter Lulinski, Michael B. Nash, David R. Mackenzie, Asst. U. S. Attys., of counsel.

Before SWYGERT, Chief Judge, and KILEY and FAIRCHILD, Circuit Judges.

PER CURIAM.

On February 27, 1964 two men robbed the Ben Franklin Savings and Loan Association, a federally insured institution located in Chicago. Robert James Garrett, the defendant, was tried for robbing the institution and placing in jeopardy the lives of its employees by the use of a deadly weapon in violation of 18 U.S.C. § 2113. Two witnesses identified Garrett as one of the two men who entered the association's office, pointed a gun at them, threatened to kill them, and then demanded money. The jury found the defendant guilty, and the court sentenced him to ten years imprisonment.

■■■ The only question on appeal is whether the assistant United States Attorney's closing argument was so prejudicial as to deprive the defendant of his right to a fair trial. The specific portion of the prosecutor's final argument complained of reads:

Mr. Boyle [the assistant United States Attorney]: We have proved that it was a federally insured savings and loan. We have had two identification witnesses. Eyeball identifications. They had their guns in their hands. Those people could have been killed and thank God they were not. It is your duty to find that defendant guilty.

Mr. Smith [the defense counsel]: Objection, your Honor, to that theory.

The Court: Counsel may state his theory of the prosecution.

Mr. Boyle: And prevent what we have almost come to expect.

In support of his position that the above statements by the prosecutor were improper and prejudicial, the defendant has cited five cases. United States v. Guajardo-Melendez, 401 F.2d 35 (7th Cir. 1968); United States v. Lefkowitz, 284 F.2d 310 (2d Cir. 1960); United States v. Sprengel, 103 F.2d 876 (3d Cir. 1939); Robinson v. United States, 32 F. 2d 505 (8th Cir. 1928); and Turk v. United States, 20 F.2d 129 (8th Cir. 1927). We do not question the appropriateness of the conclusion in each of these cases that the prosecution's argument was so prejudicial as to prevent a fair trial. But in this area, each case must be judged uniquely and in the context of its own peculiar facts. When viewed in that light, we are of the opinion that the prosecutor's remarks were not so prejudicial as to require a new trial.

Analytically, the statement of the prosecutor was irrelevant to the issue before the jury, namely, whether the defendant was one of the robbers. It would have been better had it not been voiced and, after the statement was made, the judge should have cautioned the jury to disregard it. On the other hand, we cannot say that it was so prejudicial as to have had an effect on the verdict.

The court is grateful for the services of Raymond J. Smith who represented defendant-appellant with diligence and skill as court-appointed counsel.

The judgment of conviction is affirmed.