## CORCORAN v. UNITED STATES.*

Circuit Court of Appeals, Eighth Circuit.
May 5, 1927.

No. 7390.

**1. Indictment and information ☞71—Counts of indictment charging sales of alcohol at Omaha, on or about particular dates, held insufficient for want of particularity.**

Counts of indictment charging sales of 10 gallons of beverage alcohol on or about named dates at Omaha, Neb., *held* insufficient for want of particularity.

**2. Indictment and information ☞71—Counts of indictment charging transportation of intoxicating liquor held not bad for want of particularity.**

Counts of indictment charging transportation of 10 gallons of alcohol at Omaha, Neb., on or about named dates, in vehicles of particular make, *held* sufficient, though not as definite as they might have been.

**3. Criminal law ☞489—Exclusion of cross-examination of chemist for apparent purpose of showing that alcohol was not usable as beverage without dilution held not prejudicial.**

Where chemist testified to analysis of alcohol, and that he found nothing rendering it unfit for beverage purposes, exclusion of cross-examination, apparently calculated to show that alcohol was not usable as a beverage without dilution, *held* not prejudicial.

**4. Criminal law ☞489—Court's exclusion on its own motion of question whether prohibition agent regarded himself as expert in identifying grain alcohol held not prejudicial.**

Court's exclusion on its own motion of question whether prohibition agent regarded himself as an expert in the matter of identifying grain alcohol by taste and smell *held* not prejudicial.

**5. Criminal law ☞739(I)—In prosecution for transporting liquor, evidence of entrapment held insufficient to go to jury.**

In prosecution for transporting intoxicating liquor, evidence *held* insufficient to go to jury on issue of entrapment, assuming that such question was properly in case.

**6. Criminal law ☞1137(2)—Defendant, procuring exclusion of evidence of complaints against him, held not in position to complain of refusal to submit defense of entrapment.**

In prosecution for transporting liquor, where defendant successfully objected to admission of evidence of complaints against him, he could not thereafter complain of refusal to submit defense of entrapment, on which the evidence excluded would have been material.

**7. Criminal law ☞37—Defense of entrapment is not available, unless testimony shows that defendant had no intention to violate law, and that criminal purpose was instilled by government agents.**

The issue of entrapment can only be raised where the testimony shows that defendant had no intention of violating the law, and that the criminal purpose was all originated and instilled in his mind by government agents.

*Rehearing denied August 2, 1927.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

James J. Corcoran was convicted of violating the National Prohibition Act, and he brings error. Reversed in part, with directions, and affirmed in part.

Eugene D. O'Sullivan, of Omaha, Neb. (William N. Jamieson and Charles J. Southard, both of Omaha, Neb., on the brief), for plaintiff in error.

George A. Keyser, Asst. U. S. Atty., of Omaha, Neb. (James C. Kinsler, U. S. Atty., and Ambrose C. Epperson and Andrew C. Scott, Asst. U. S. Attys., all of Omaha, Neb., and William J. Froelich, Asst. U. S. Atty., of O'Neill, Neb., on the brief), for the United States.

Before LEWIS and BOOTH, Circuit Judges, and PHILLIPS, District Judge.

LEWIS, Circuit Judge. [1] Plaintiff in error, called defendant, and another were put to trial on nine counts of an indictment. The first count charged them with a conspiracy to violate the National Prohibition Act (Comp. St. § 10138¼ et seq.), and on this charge they were both acquitted by the jury, and the other defendant was acquitted also on the eight remaining counts, this defendant (plaintiff in error) being convicted and sentenced on each thereof. The third, fifth, seventh and ninth counts each charged them with selling ten gallons of beverage alcohol on or about named dates at Omaha, Nebraska; and we think the court erred in overruling a demurrer to each of those counts. Our reason for that conclusion has been stated in the opinion filed this day in the Jarl and Monroe Cases (C. C. A.) 19 F.(2d) 891, and need not here be repeated.

[2] The second, fourth, sixth and eighth counts each charges the transportation of ten gallons of beverage alcohol at Omaha, Nebraska, on or about named dates, and each names the kind of vehicle in which each transportation was made. That is a meagre statement specifying the particular offense for the purpose of differentiating it from a like offense under the same statute; but we have concluded, as we did in the Gaughan Case, 19 F.(2d) 897, in our opinion this day filed, to sustain those counts against the challenge of the demurrer, and thus hold that the court did not err in its ruling thereon as to those counts. It is obvious from the proof that the points of destination of the different transportations could have also been stated with certainty and

without hazard to the case, for the proof is all definite in that regard. The liquor in each instance was taken by the defendant to a certain building bearing a named street number in Omaha and there delivered to prohibition agents who were occupying that building. This is another glaring instance of carelessness in the preparation of criminal pleadings, as shown in our records, and coming from different districts in the circuit. The practice seems to be to invite challenge on the part of defendants.

There was a plea in abatement to the array of grand jurors in the same form as in the Gaughan Case, and the proofs on the plea are the same as in that case. The court overruled the plea. We passed upon the assignment of error to that ruling of the court in the Gaughan Case, which need not be repeated here. See our opinion in that case this day filed.

The prosecution called a graduate chemist as a witness to prove the alcoholic content of each can that was transported, and he made analyses of samples from each and testified that each contained grain alcohol, 94 to 95 per cent. by volume in strength, the residue being water; and that he found no substance in either sample that would render it unfit for beverage purposes. On cross-examination he was asked this question:

"Q. When you speak of it being fit for beverage purposes, you don't mean you could take it out of there and drink it, do you?"

To this question an objection was sustained. He was then asked:

"Q. How many basic elements are there?"

The court of its own motion stopped an answer. The witness was then asked:

"Q. What is the theory of Isomerism?"

[3] Again the court of its own motion prevented answer being made. This ruling is assigned as error. These questions do not disclose to us the materiality of the information that was sought. The first one appears to have been put on the theory that the alcohol was not usable as a beverage without dilution. We think that was immaterial.

[4] The young man Beazell, Prohibition Agent, who was but two or three months past twenty-one years of age at the time of the transportations in question, and to whom we referred in the Gaughan Case, testified as a witness for the prosecution and on cross-examination, that he had never tasted, smelled or drunk alcohol until he became a Federal Prohibition Agent, but that thereafter he had done so on several hundred occasions, and was able to distinguish thereby grain alcohol,

and that in his opinion these cans contained grain alcohol. He was then asked:

"Q. Do you regard yourself as an expert along those particular lines by the taste and smell of a given liquid to tell what it is?"

The court of its own motion ruled that the question was immaterial, that the evidence given by the witness ought to be regarded. No further questions were asked by defendant's counsel. The cross-examination had covered twelve pages of the record on other subjects. We see no error in the court's voluntary action. The defendant had the right to cross-examine the witness on the extent of his experience and his ability to judge of liquors with alcoholic content, but it was immaterial as to what opinion he had of himself as an expert in that line.

[5] It is also assigned as error that the court refused to give requested instructions on the subject of entrapment. We think it unnecessary to state at length the substance of the testimony relating to that subject by the defendant Corcoran. He took the witness stand in his own behalf. He stated what the Prohibition Agents said to him when he first met them. They testified and he testified that they said they had been in the bootlegging business at Kansas City, that it got too hot for them there and they had come up to Omaha for the purpose of buying alcohol and manufacturing it into different kinds of beverage drinks and they wanted to know if he could not supply them at reasonable prices. They rented rooms in which to carry on that business. They invited him to those rooms and treated him to different kinds of liquors on two or three occasions, and insisted on his getting alcohol for them and that he finally consented to do so. He testified that he got it from a man by the name of Williams and had no interest in the transactions in a financial way. His counsel asked him why he agreed to bring these cans of alcohol to these agents and he said: "Well, they appeared to be awful good fellows, they seemed to be good mixers, very good honest sort of fellows and I thought they were good fellows;" they claimed they had had bad luck, lost all their money, only had three or four or five hundred dollars, and they plead with him and finally got him to get it. Considering this and all of his other testimony on the subject, we think it would be difficult to say that the proof on this subject brought the case in that respect within the principle announced by us in Butts v. United States, 273 F. 35, 10 A. L. R. 143, and Meek v. United States, 16 F. (2d) 568; and thus made an issue on that

subject for the jury. But, for the purpose of argument only, we may concede there was enough evidence to make an issue on the subject of entrapment.

[6] The defendant, however, is not in a position to raise the question. The prosecution called in rebuttal the Chief Prohibition Agent of the State of Nebraska, and offered to prove by him that he had received numerous complaints, in person, by telephone and by letter, to the effect that both defendants were in the bootlegging business, and that these complaints and this information all came to him prior to the time the prohibition agents first approached the defendant on the subject of furnishing them with alcohol. This proof was all rejected and excluded on the objection and insistence of defendant's counsel. It was undoubtedly material on the question of entrapment, if it was the purpose of defendant to ask a submission of that question to the jury; and he could not take the contradictory attitude of claiming that he had adduced evidence in support of that issue and at the same time insist that the prosecution be denied the right to introduce evidence to defeat it. Without the tendered proof the prohibition agents would have stood before the jury without any reason or excuse for the talks and interviews they had with the defendant on the subject of furnishing them with alcohol. They would have been put in the attitude of trying to induce the defendant to violate the statute without any ground to reasonably suspect that he had been violating it and was then ready to violate it again whenever the opportunity was given him. If, when he was approached, he was willing of his own motion to commit the acts charged against him, and because thereof agreed to transport and did transport the alcohol, the fact that the agents gave him an opportunity to do so does not constitute entrapment.

[7] That issue can be made only where the testimony shows that a defendant had no intention of violating the law and that the criminal purpose was all originated and instilled in the defendant's mind solely by the Government agents. The excluded evidence, had it been believed by the jury, would have tended to prove that the agents did not originate in the mind of defendant a purpose to violate the law but that they only gave him an opportunity to carry out a purpose already conceived by him to do so. We are, therefore, of opinion that defendant, in procuring the exclusion of the offered testimony, took that issue out of the case and that the court did not err in declining to give the defendant's requested instructions.

Other errors during the progress of the trial are assigned. We have considered them and have concluded that they are without merit.

The judgments on the third, fifth, seventh and ninth counts will be reversed with direction to sustain the demurrers to those counts; and the judgments on the second, fourth, sixth and eighth counts will be affirmed.

It is so ordered.

