## PARTSON v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit. May 16, 1927.

**1. Indictment and information ⬥86(2)—Indictment stating date and place of commission of offense only as in named county held insufficient.**

An indictment charging defendant with commission of an offense on a date named, in a county named, within the district, but alleging no particulars descriptive of the offense as to place or circumstances, *held* insufficient.

**2. Indictment and information ⬥71—Indictment must charge essential facts so specifically that judgment will be complete defense to second prosecution.**

Defendant in a criminal case is entitled to know, from statements of the indictment, not only what facts the prosecution considers sufficient to make him guilty of the offense charged with reasonable particularity, that he may make proper defense thereto, but also to demand that the indictment shall charge the essential facts so specifically that the judgment rendered will be a complete defense to a second prosecution for the same offense.

**3. Internal revenue ⬥47(5)—In prosecution for operating still with intent to defraud United States of tax on spirits produced, intent to defraud is essential element of offense, to be proved beyond reasonable doubt (Rev. St. § 3281 [Comp. St. § 6021]).**

In a prosecution under Rev. St. § 3281 (Comp. St. § 6021), for operating a still with intent to defraud the United States of the tax on the spirits produced, intent of defendant to defraud is an essential element of the offense, and must be proved beyond a reasonable doubt.

**4. Internal revenue ⬥47(5)—Conviction of defendant for operating still with intent to defraud United States of tax on spirits produced held not sustained by evidence.**

Conviction of defendant for operating a still with intent to defraud the United States of the tax on the spirits produced *held* not sustained by the evidence, which did not show that he had any interest in the still or its product, and his testimony that he did not, but was hired by the hour to work at the still, was uncontradicted.

Kennamer, District Judge, dissenting.

In Error to the District Court of the United States for the Eastern District of Missouri; Andrew Miller, Judge.

Criminal prosecution by the United States against Leslie Partson. Judgment of conviction, and defendant brings error. Reversed and remanded.

Murtha J. Hackett and Hans Wulff, both of St. Louis, Mo., for plaintiff in error.

Louis H. Breuer, U. S. Atty., of Rolla, Mo., and Arthur A. Hapke, Asst. U. S. Atty., of St. Louis, Mo.

Before SANBORN and BOOTH, Circuit Judges, and KENNAMER, District Judge.

SANBORN, Circuit Judge. [1] The defendant, Partson, was indicted, tried, and sentenced to imprisonment in the penitentiary 16 months and to pay a fine of $500 for a violation of section 3281, Revised Statutes (section 6021, Compiled Statutes), under a count which charged that "on or about the 4th day of October, A. D. 1922, in the county of St. Louis, in the state of Missouri, within the division and district aforesaid, and within the First internal revenue district of Missouri, and within the jurisdiction of the court aforesaid, August Clausen, Joseph Sinovich and Leslie Partson" committed the offense denounced by section 6021 of the Compiled Statutes. The defendant filed a general demurrer to the indictment and therein alleged that the indictment did not set forth sufficient information to require him to answer it. It alleged no other facts descriptive of the offense charged, its time, place, or circumstances or other earmarks than those stated within the quotation marks above, whereby he could identify the alleged offense or whereby, if he was convicted, the indictment and the judgment under it could or would protect him from another prosecution for the same offense.

The averment that the offense was committed on the 4th of October, 1922, was ineffectual for these purposes, because under that allegation the plaintiff could prove an offense committed at any time within three years prior to the filing of the indictment. The allegation of the place was ineffectual, because it permitted the government to prove an offense anywhere in the large county of St. Louis, and this indictment and a judgment of conviction or acquittal under it would not protect the defendant from another prosecution for the same offense, because it did not show when, where in St. Louis county,

or under what identifying circumstances the offense was committed.

[2] The rule upon this subject, which has been repeatedly stated and which has the approval of the majority of the members of this court, is that the defendant in a criminal case, in view of his presumed innocence, is not only entitled to know from the statements of the indictment what facts the prosecution considers sufficient to make him guilty of the offense charged with reasonable particularity so that he may procure witnesses and make proper defense thereto, but he is also entitled to demand that the indictment shall charge the essential facts so specifically that the judgment rendered will be a complete defense to a second prosecution for the same offense. Lynch v. United States (C. C. A.) 10 F.(2d) 947, 949; Myers v. United States (C. C. A.) 15 F.(2d) 977, 987, 990; United States v. Hess, 124 U. S. 483, 8 S. Ct. 571, 31 L. Ed. 516; Armour Packing Co. v. United States (C. C. A.) 153 F. 1, 14 L. R. A. (N. S.) 400; Floren v. United States (C. C. A.) 186 F. 961; Miller v. United States (C. C. A.) 133 F. 337, 341; Fontana v. United States (C. C. A.) 262 F. 283; Goldberg v. United States (C. C. A.) 277 F. 211; Weisman v. United States (C. C. A.) 1 F.(2d) 696. The indictment in this case falls far short of the requirements of this rule, and in refusing to sustain the general demurrer to it the court below was in error.

[3] At the close of all the evidence the defendant demurred to the indictment and the evidence—in effect, moved for an instructed verdict. The court overruled his demurrer and motion and he excepted. The charge in the indictment was that August Clausen, Joseph Sinovich and the defendant Partson engaged in and carried on the business of distiller and made and distilled one proof gallon, more or less, of spirits which were subject to the tax imposed by the internal revenue laws of the United States, "with the intent then and there on the part of them, the said August Clausen, Joseph Sinovich and Leslie Partson, to defraud the United States of the tax on said spirits so distilled by them, the said August Clausen, Joseph Sinovich and Leslie Partson." Sinovich was acquitted, Clausen was convicted or pleaded guilty.

Proof beyond a reasonable doubt of the intent of Partson to defraud the United States out of the tax on the gallon of spirits they were charged with making or had already manufactured was indispensable to Partson's lawful conviction, and the court below so charged the jury. His counsel now invoke the established rules of law and practice that he was innocent of this intent unless he was proved by the evidence beyond a reasonable doubt to have been guilty of it, and that "evidence of facts that are as consistent with innocence as with guilt is insufficient to sustain a conviction. Unless there is substantial evidence of facts which exclude every other hypothesis but that of guilt, it is the duty of the trial court to instruct the jury to return a verdict for the accused; and where all the substantial evidence is as consistent with innocence as with guilt, it is the duty of the appellate court to reverse a judgment of conviction." Union Pacific Coal Co. v. United States (C. C. A.) 173 F. 737, 740; Isbell v. United States (C. C. A.) 227 F. 788, 792; Chambers v. United States (C. C. A.) 237 F. 513, 518; Nosowitz v. United States (C. C. A.) 282 F. 575, 578; Edwards v. United States (C. C. A.) 7 F.(2d) 357, 360.

[4] There was conclusive evidence in this case that Clausen owned and occupied with his wife and son a farm in St. Louis county, Missouri, on which on October 4, 1922, a barn stood in which there was a 250-gallon still that had been in operation and a cistern 14 feet deep and 8 feet in diameter; that in the afternoon of that day four or five prohibition agents took possession of that still and cistern and proceeded to destroy them; that Joseph W. Striebel was in the wholesale meat business in the city of St. Louis; that he testified that Partson worked for him from some time in March, 1922, until the end of December, 1922, going into the county and buying calves, killing and dressing them, delivering orders to customers of Mr. Striebel, etc.; that on October 4, 1922, Striebel took Partson in his car into the county to search for and buy calves and left him about 2 in the afternoon of that day in the county near Clausen's farm, with the agreement with him that he would meet Partson at Greenville at 5 p. m. that day; that Partson did not appear at the time and place appointed and after waiting for him an hour Striebel came to his home and Partson did not appear until the next day, and then he said he had been in jail. Sinovich, who was indicted with Partson and acquitted, testified that he never saw Partson until October 4, 1922, when the prohibition agents took him out to Clausen's farm. One or more of the five prohibition agents who were at Clausen's farm on October 4, 1922, testified that they found Partson at the still there with working clothes

on and a monkey wrench in his hand fixing a pipe near the still; that Partson said that a man whom he did not know and who was not Clausen picked him up on the road and hired him to work at the still for $1.25 an hour, that he was hired to run the still. Clausen testified that he, his wife and son were living on the farm, which he had owned 12 years, that he did not hire Partson, that Partson mixed the mash, that he had been there about two weeks on October 4, 1922, that when the agents found him on that day he was working at the still, that he, Clausen, never paid any money to Partson, and that Partson and Sinovich manufactured or helped to manufacture.

There was no other substantial evidence upon the subject under discussion. There was no evidence that any intoxicating liquor, except possibly a gallon, had ever been manufactured on Clausen's farm, or that any had ever been sold. There was no evidence that the defendant had any financial interest in any of the real or personal property in or on the Clausen farm, except his clothes, or in the business thereof, except his interest in his hourly wages.

The act of Congress under which he was indicted was a revenue act, the purpose of the section under which he was indicted was to prevent a distiller from defrauding the government out of the tax upon the product which he manufactured, and the defendant's intent to defraud was a condition precedent to his commission of the offense the section denounces. Partson had no interest in the property or the business. He was not and would not be liable for the tax, because neither the plant nor the product nor any part of it was or would be his property. There was no substantial evidence that he had any inducement to or purpose to defraud the government out of that tax. He was presumed to be innocent of any such intent and a studious review and consideration of all the evidence has forced our minds to the conclusion that all the substantial evidence in this case is not only as consistent with, but is more consistent with, innocence on his part than with his guilt of any intention to defraud the government out of the tax on the product Mr. Clausen was making.

The judgment against him must therefore be reversed and this case must be remanded to the court below for further proceedings consistent with the views expressed in this opinion, and it is so ordered.

KENNAMER, District Judge, dissents.