## SKELLEY v. UNITED STATES.

Circuit Court of Appeals, Tenth Circuit. January 4, 1930.

No. 60.

Cotteral, Circuit Judge, dissenting.

Harvey Roney, of Kansas City, Mo., for appellant.

Roy St. Lewis, U. S. Atty., of Oklahoma City, Okl. (Herbert K. Hyde, Asst. U. S. Atty., of Oklahoma City, Okl., on the brief), for the United States.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

LEWIS, Circuit Judge. The appellant was tried, convicted and sentenced to four years' confinement in the penitentiary and to pay a fine of $250 on an indictment which charges that defendant "heretofore, to-wit, on or about April 26, 1928, at Oklahoma City, Oklahoma, in the Western District of Oklahoma, within the jurisdiction of this court, then and there being, did then and there violate a requirement of the Act of Congress of February 9, 1909, as amended January 17, 1914, and as amended May 26, 1922 (21 USCA §§ 171–177, 180, 182, 184, 185) in that he, the said defendant, did then and there wilfully, unlawfully, knowingly, feloniously and fraudulently receive, conceal, buy and facilitate the transportation and concealment after importation of about one and one-half pounds of smoking opium, which said smoking opium, as the said defendant then and there well knew, had been imported into the United States of America contrary to law, contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States of America." The charge was based on a statute which reads in this way: "If any person * * * receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported contrary to law, such person shall upon conviction be fined not more than $5,000 and imprisoned for not more than ten years." Title 21, § 174, U. S. Code (21 USCA § 174). A demurrer to the charge on the ground that it was vague, indefinite and uncertain was overruled, and that ruling is assigned as error.

Disregarding that part of the charge that appellant acted in violation of certain named Acts of Congress, which is a mere conclusion, the remaining part does no more than to follow the language of the statute defining the crime. Oklahoma City has a population of about 150,000, and of course, there are innumerable places therein where the crime charged might have been committed. The police officers who made the arrest and discovered the drug in the possession of appellant gave the name of the street and the street number in their testimony, where the drug was found; but for some inexplainable reason the pleader did not put the location in the indictment. Nor did he otherwise "earmark" the charge as Judge Booth aptly terms it in Myers v. United States (C. C. A.) 15 F.(2d) 987 et seq., so as to separate and make certain from the

general charge therein contained the particular offense of which appellant was accused and was to be put on trial. That was the point of the demurrer now urged here. So there is nothing in the charge that would prevent a like charge, prosecution and trial again for the same offense. The Fifth and Sixth Amendments to the Constitution of the United States require that the indictment inform the accused of the nature and cause of the accusation; and that purpose is twofold, it must be sufficiently certain as a pleading to enable the defendant to make his defense, and also sufficiently certain to enable him to plead jeopardy if he should be indicted again. Rosen v. United States, 161 U. S. 29, 34, 16 S. Ct. 434, 480, 40 L. Ed. 606. If indicted a second time a comparison of the two records of the charge would determine without more the plea of former jeopardy. The question raised by the demurrer had repeated consideration in the Eighth Circuit, and two of the judges now sitting participated in some of the cases that applied the established rule. It hardly seems that we should repeat the reasoning found in those cases on which the conclusions were reached. They are, Fontana v. United States, 262 F. 283; Lynch v. United States, 10 F.(2d) 947; Myers v. United States, 15 F.(2d) 977 (dissent of Judge Booth); Jarl v. United States, 19 F.(2d) 891; Corcoran v. United States, 19 F.(2d) 901; Partson v. United States, 20 F.(2d) 127; and Turk v. United States, 20 F.(2d) 129. The substance of the holding in all of them is, that it is not sufficient to follow the general statutory definition of the crime but that the indictment must differentiate the crime intended to be charged with particularity; thus enabling the defendant to prepare his defense, and if indicted again for the same offense, to sustain his plea of former jeopardy on the record. Thus it has always been the rule, both before and since the adoption of the Constitution: in murder, the name of the victim and something more was necessary to the charge,—in burglary, the building,—in embezzlement, the trust relation,—in forgery, the instrument and name thereto forged,—in perjury, the false testimony or statement, etc. In this way each particularized the offense as a necessary part of the charge, for the double protection stated. And we endeavored to point out in the Jarl Case that a bill of particulars could not supply a necessary element of the charge, nor could the prosecuting officer in that way change or amend a charge of a grand jury. Additional authority on the point may be found in the opinions in the cases which have been cited.

On the proposition that "where a statute is general, it is not sufficient merely to follow its language in an indictment, but the indictment must allege the specific offense coming under the general description of the statute, in order that the accused may enjoy the right, secured by the Sixth Amendment," see Boykin v. United States (C. C. A.) 11 F. (2d) 484, 485, and cases there cited.

The judgment is reversed with directions to sustain the demurrer and discharge the defendant.

COTTERAL, Circuit Judge (dissenting). I deem it unfortunate that this court is now committed to a rule which requires an indictment or information to plead more definitely the place of an offense. Such particularity as the defendant may desire or need may be furnished by a bill of particulars, and thereby he is enabled to prepare his defense, and plead former jeopardy in another prosecution. After an experience of more than 20 years in the trial court, I do not recall a case where failure to allege more definitely the locus of an offense has prejudiced a defendant. The need of a defendant might exist where there has been a multiplicity of offenses, but it is easily remedied by a bill of particulars so that no harm would accrue to him. But application of the rule, especially where the statutory limitation applies, may result in releasing offenders who ought to be brought to justice.

In my view, the opinion written by Judge Van Valkenburgh in Myers v. United States (C. C. A.) 15 F.(2d) 977, is entirely sound and should be adopted in this circuit. I therefore dissent in this case.