Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Albert DeMeo, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for plaintiff.

Louis J. Castellano, of Brooklyn, N. Y., and Elvin N. Edwards, of Mineola, N. Y., for defendants Randall and Levett.

Leon Lang, of Valley Stream, N. Y., for defendant Crici.

## UNITED STATES v. RANDALL et al.
### No. 39043.

District Court, E. D. New York.

April 19, 1943.

MOSCOWITZ, District Judge.

Motions were made herein by Randall, Levett and Crici for arrest of judgment.

The defendants were charged in an indictment with a conspiracy to commit an offense against the United States, to violate Section 2(a) (2) of Title III of the Second War Powers Act of 1942, 50 U.S.C.A.Appendix, § 633, enacted March 27, 1942, and Gasoline rationing regulations, by General Ration Order No. 5C, Section 1394.8177(b) which was issued by the office of the Price Administrator and became effective on November 22, 1942. This is indictment No. 39,043.

The statutes involved are the Act of June 28, 1940, 54 Statutes page 676, Chapter 440, entitled "An Act to expedite the national

defense, and for other purposes", as amended by the Act of May 31, 1941, 55 Statutes page 236, Public Act No. 89, 77th Congress, 1st Sess., Chapter 157, as amended by the Second War Powers Act of 1942, Public Law 507, 77th Congress, 2d Sess., Chapter 199, 56 Stat. 176, entitled "An Act to further expedite the prosecution of the war".

Title III of the Second War Powers Act of 1942, which was enacted March 27, 1942, Section 2(a) (2) thereof, provides: "Whenever the President is satisfied that the fulfillment of requirements for the defense of the United States will result in a shortage in the supply of any material or of any facilities for defense or for private account or for export, the President may allocate such material or facilities in such manner, upon such conditions and to such extent as he shall deem necessary or appropriate in the public interest and to promote the national defense."

Subdivision 5 of that section provides: "Any person who willfully performs any act prohibited, or willfully fails to perform any act required by, any provision of this subsection (a) or any rule, regulation, or order thereunder, whether heretofore or hereafter issued, shall be guilty of a misdemeanor, and shall, upon conviction, be fined not more than $10,000 or imprisoned for not more than one year, or both."

Subdivision 8 of Section 2(a) provides that: "The President may exercise any power, authority, or discretion conferred on him by this subsection (a), through such department, agency, or officer of the Government as he may direct and in conformity with any rules or regulations which he may prescribe."

Pursuant to Executive Order April 7, 1942, No. 9125 (7 Fed. Register 2719), the President conferred upon the Chairman of the War Production Board the power to exercise the authority and discretion conferred upon the President of the United States by Title III of the Second War Powers Act of 1942.

The Second War Powers Act of 1942 authorized the President to allocate material whenever in his judgment, in the interest of national defense, it appeared that there is a shortage in the supply of any material or any facilities for defense, the President is authorized to allocate such material or facilities in such manner and upon such conditions and to such extent as he shall deem necessary or appropriate in the public interest and to promote the national defense.

The President is authorized to exercise these powers through such department or agencies or officers of the Government, as he may direct, and pursuant to Executive Order No. 9125, the President designated the Chairman of the War Production Board to exercise the authority and discretion conferred upon the President.

Section 2 of the Executive Order authorizes the Chairman of the War Production Board to perform the functions, and duties and to exercise the powers, authority, and discretion conferred upon him by either himself or through such officials or agencies and in such manner as he should determine. That is provided in Section 2.

Section 3 provides: "The Chairman of the War Production Board is authorized to delegate to the Office of Price Administration or the Price Administrator such of his functions, duties, powers, authority, or discretion with respect to priorities or rationing, as he may deem to be necessary or appropriate for the effective prosecution of the war; and in the administration or enforcement of any such priorities or rationing"; subdivision (a) of Section 3, states:

"To exercise all functions, duties, powers, authority or discretion with respect to such priorities or rationing in the same manner, and to the same degree and extent, as if such functions, duties, powers, authority or discretion had been conferred upon or transferred to the Office of Price Administration directly by Executive order."

The War Production Board by Directive No. 1, 7 Federal Register, 562, entitled, "Delegation of Authority to the Office of Price Administration with respect to Rationing", provides: "(a) The Office of Price Administration is authorized and directed to perform the functions and exercise the power, authority and discretion conferred upon the President."

The War Production Board by Supplementary Directive No. 1H (7 Federal Register 3478), relating to the Delegations of Authority, provides in Section (a) that:

"In order to permit the efficient rationing of gasoline, the authority delegated to the Office of Price Administration in Section 903.1 (Directive No. 1) is hereby extended to include the exercise of rationing

control over the sale, transfer or other disposition of gasoline by any person to any consumer as defined in paragraph (c) hereof, and the term 'consumer' means any person who acquires gasoline for use rather than transfer and any other person to the extent to which he uses gasoline, irrespective of the purpose for which such gasoline was obtained by him."

The War Production Board Amendment 2 to Supplementary Directive 1H, which Directive is entitled: "Further Authorization of Office of Price Administration in Gasoline Rationing", provides in Section 903.9(a) "In order to permit the efficient rationing of gasoline, the authority delegated to the Office of Price Administration in Section 903.1, Directive No. 1, is hereby extended to include the following: (1) The exercise of rationing control over the sale, transfer, delivery or other disposition of gasoline by any person to any consumer, in cases in which such consumer is within the limitation area, and over the use of gasoline by any such consumer."

The War Production Board by Supplementary Directive No. 1Q (7 Federal Register 9121) entitled, "Rationing of Tires, Tire Casings, Tire Tubes, etc.", provides "(a) The authority heretofore delegated to the Office of Price Administration by Directive No. 1, Section 903.1, is hereby extended to include the exercise of control over." (many things). Subdivision 3: "The sale, transfer, delivery or other disposition of gasoline by any person to any consumer, the use of gasoline by any consumer, the use of gasoline substitutes or gasoline blends by any consumer in a motor vehicle, and the blending by any gasoline dealer." Subdivision 4: "The sale, transfer, delivery or other disposition of gasoline by any person to any person other than a consumer, to the extent of requiring the delivery of such coupons, certificates or other evidence as the Office of Price Administration may prescribe as a condition to such sale, transfer, delivery or disposition."

The Office of Price Administration by Directive No. 1, issued January 24, 1942, and by Supplementary Directive No. 1H and No. 1Q, issued in October, 1942, Ration Order No. 5C, made certain provisions.

"Section 1394.8176: Offers, Solicitations, Attempts or Agreements.—No person shall solicit, offer, attempt or agree to do any act in violation of Ration Order No. 5C."

"Section 1394.8177: Rations not Transferable.—(a) No person shall transfer or assign any ration, and no person shall accept such transfer or assignment. (b) No person shall transfer or assign and no person shall accept a transfer or assignment of any coupon book or any bulk, inventory or other coupon (whether or not such book was issued as a ration book and whether or not such coupon was issued as a ration or as part of a ration book) or other evidence, except in accordance with the provisions of Ration Order No. 5C."

It must be recognized that the war powers granted were extraordinary. They were granted by vote of Congress and by lawful authority.

It must be understood that the President could not personally allocate the material, that he had to delegate this authority to others under his supervision.

The delegation of such authority, power and discretion by the President does not violate the Constitution of the United States.

Naturally certain rules and regulations had to be set up. That was contemplated by the Act of Congress and they merely followed the authority given the President.

■ The purpose of this enactment was to promote the general welfare and allocate the control of gasoline supply that was necessary for the defense of the United States. The President could not fulfill these functions individually but had to do so through various agencies.

■ The Executive Orders of the President of the United States, and the rules and regulations prescribed by the administration office of Price Administrator issued pursuant thereto, are valid and effectual and do not violate any provision of the Constitution of the United States or any laws of the United States.

The motion for arrest of judgment is therefore denied.[1]

---

[1] This formal opinion is to take the place of the oral opinion rendered on March 18th, 1943.