**UNITED STATES v. KENDZIERSKI et al.**
No. 39527.

District Court, E. D. New York.
Jan. 24, 1944.

Harold M. Kennedy, U. S. Atty., and Albert V. DeMeo, Asst. U. S. Atty., both of Brooklyn, N. Y., for the Government.

Aaron Sofer, of New York City (Sol Gerstein, of New York City, on the brief), for defendant Anthony Frank Kendzierski, alias Tommy King.

Morris M. Bornfreund, of New York City, for defendant Albert Richel.

MOSCOWITZ, District Judge.

The three defendants were indicted under 18 U.S.C.A. § 88 for conspiracy to defraud the United States. The defendant Ted Cotler pleaded guilty and the other two defendants were permitted by the Court on motion to withdraw their previous pleas of not guilty pending the determination of the present application.

The defendants Kendzierski and Richel have now moved this Court for an order quashing the said indictment as to them on grounds which may be summarized as follows:

(1) That the indictment does not set forth any crime, for the reason that it does not contain the allegations essential as a matter of law to the crime charged.

(2) That the indictment is too vague and indefinite to be effectual protection to the defendants against being put in jeopardy for the same offense again at a subsequent date.

(3) That the various rules and regulations promulgated by the price administrator, upon which this indictment is founded, are unconstitutional.

The defendant Kendzierski has moved for permission to add to this last ground the words "and/or invalid", which motion is hereby granted.

The substance of the first ground appears in the following quotation taken from defendants' memoranda. It is there stated (p. 4):

"Every conspiracy hinges upon some preconceived plot or plan. The plan outlines the modus operandi agreed to be taken by the conspirators in their nefarious undertaking. The Courts have consistently held, that the mere allegation of a conspiracy without setting forth clearly and succinctly the essentials of the illegal agreement is insufficient to charge the crime of conspiracy.

"There first must be an agreement to do certain illegal acts before a conspiracy is

established. Unless preceding the acts there was an agreement to perform those specific acts, the acts themselves would be no evidence of a conspiracy."

The next seven pages are devoted to cases sustaining these statements, heaviest reliance being placed on the Hamner case (Hamner v. United States, 5 Cir., 134 F.2d 592), which was a prosecution under the same statute, where the Court in quashing the indictment stated (134 F.2d at page 595): "Confused allegations of what the defendants did are by a sort of inference sought to be made allegations of what they conspired to do * * *. What was done is often good evidence of what was agreed to be done, but to allege such evidence is not an allowable substitute for a clear statement of the agreement which is proposed to be proven." But the defendants' suggestion that the present case is controlled thereby evidences that they have misread the indictment by which they are accused. Far from being analogous to the Hamner indictment, it would appear that the instant indictment may well have been drawn with an eye to avoiding the very defect there revealed. The second and third paragraphs of this indictment (as set forth in the accompanying footnote[1]) do not relate to acts done in pursuance of the agreement but are clearly allegations of what comprised the conspiracy itself, viz.—what the participants agreed to do,—namely, that they "would unlawfully buy, obtain", etc., and that they "would give, sell, and distribute" etc. What the defendants actually did thereafter to effect the object of this conspiracy is set forth in the latter part of the indictment as Overt Acts. The indictment sufficiently sets forth the crime charged and is not defective on the first ground asserted.

█ On the second ground, the cases which the defendants cited are not pertinent to a charge of conspiracy to defraud the United States. While the indictments in those cases were held defective for not setting forth times, places or circumstances of the crimes charged with sufficient detail and particularity, the offenses of which the defendants were there accused were all substantive,[2] as contrasted to the instant charge of conspiracy.

The Supreme Court has recently ruled on objections to indictments similar to those raised by these defendants. In Glasser v. United States, 315 U.S. 60, 66, 62 S.Ct. 457, 463, 86 L.Ed. 680, the Court said: "The particularity of time, place, circumstances, and causes, etc., in stating the manner and means of effecting the object of a conspiracy for which petitioners contend is not essential to an indictment. Crawford v. United States, 212 U.S. 183, 29 S.Ct. 260, 53 L.Ed. 465, 15 Ann.Cas. 392; Dealy v. United States, 152 U.S. 539, 14 S.Ct. 680, 38 L.Ed. 545. Such specificity of detail falls rather within the scope of a bill of particulars." And in Wong Tai v. United States, 273 U.S. 77, 81, 47 S.Ct. 300, 301, 71 L.Ed. 545, the Court stated the law to be that: "It is well settled that in an indictment for conspiracy to commit an offense—in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy, Williamson v. United States, 207 U.S. 425, 447, 28 S.Ct. 163, 52 L.Ed. 278, or to state such object with the detail

[1] It was part of said conspiracy that the defendants herein would unlawfully buy, obtain, and otherwise procure, large numbers of genuine gasoline ration coupons duly issued by the Office of Price Administration to which the said defendants were not lawfully entitled and would give, sell, distribute, and transfer said coupons to and among various persons not entitled to receive and possess said gasoline ration coupons in violation of the regulations duly promulgated by the Price Administrator.

It was further part of said conspiracy that the defendants herein would give, sell, distribute and transfer genuine gasoline ration coupons to persons not entitled to receive and possess said genuine gasoline ration coupons with the intent and purpose that the said genuine gasoline ration coupons would be used by said persons to receive and obtain gasoline whereby a true, just, fair and equitable distribution of gasoline to consumers would be and was frustrated and the reason and purpose of the said regulations perverted and set aside to the unlawful gain, benefit, and advantage of said persons and whereby the vital supply of rubber of the United States would be dissipated and one of its chief weapons of war destroyed.

[2] The cases cited by the defendants in support of the objection under consideration are Partson v. United States, 8 Cir., 1927, 20 F.2d 127; Lynch v. United States, 8 Cir., 1925, 10 F.2d 947; Floren v. United States, 8 Cir., 1911, 186 F. 961.

which would be required in an indictment for committing the substantive offense, Thornton v. United States, 271 U.S. 414, 423, 46 S.Ct. 585, 70 L.Ed. 1013; Jelke v. United States [7 Cir.], 255 F. 264, 275; Anderson v. United States [8 Cir.], 260 F. 557, 558; Wolf v. United States [7 Cir.], 283 F. 885, 886; Goldberg v. United States [8 Cir.], 277 F. 211, 213. In charging such a conspiracy 'certainty, to a common intent, sufficient to identify the offense which the defendants conspired to commit, is all that is' necessary. Williamson v. United States, supra, [207 U.S. at page] 447, 28 S.Ct. 171 [52 L.Ed. 278]; Goldberg v. United States, supra, [277 F. at page] 213."

The present indictment is clearly of this character and is controlled by these authorities. The second ground is unavailing to the defendants.

■ The constitutionality and validity of the rationing regulations here involved were upheld by this Court in the case of United States v. Randall, D.C., 50 F.Supp. 139, and there is no cause for a different conclusion on the present application. In any event, even assuming their invalidity, the defendants would not be aided thereby. The gist of the offense for which they are indicted is not violation of the regulations but conspiracy to defraud the United States, in violation of a statute which is concededly constitutional. Any attack upon the regulations would be at most collateral and would not affect the charge of conspiracy to defraud. United States v. Harding et al., 65 App.D.C. 161, 81 F.2d 563, 568; Langer v. United States, 8 Cir., 1935, 76 F.2d 817, 825.

The motions to quash the indictment are denied.

Settle orders on notice.

