**Frank Edward SEPULVEDA, Petitioner,**

v.

**The UNITED STATES of America, Respondent.**

**Civ. A. No. 8995.**

United States District Court
D. Colorado.

Feb. 12, 1965.

Frank Edward Sepulveda pro se.

Lawrence M. Henry, U. S. Atty., Denver, Colo., for the United States.

ARRAJ, Chief Judge.

This matter is before the Court on a petition to proceed in forma pauperis, together with a petition for a writ of coram nobis under 28 U.S.C. § 1651(a).

From the petition it appears that on or about January 27, 1954, petitioner was convicted in the United States District Court for the District of Colorado of the offense of unlawful possession of marihuana, in violation of 26 U.S.C. § 2593 (a), (1939, as amended), for which he received a sentence of three years. No direct appeal from this judgment was ever taken. A motion to vacate and set aside the conviction pursuant to 28 U.S.C. § 2255 was filed and subsequently denied. No appeal was taken, and petitioner served out the term of his sentence. On or about March 24, 1960, petitioner was convicted in the United States District Court for the Western District of Texas of the offenses of importing marihuana, concealing and transporting it after importation and failure to pay the Federal transfer tax on the marihuana. He was sentenced to twenty years imprisonment pursuant to the multiple offense provisions of 26 U.S.C. § 7237(a). He is presently serving this sentence in the United States Penitentiary, Leavenworth, Kansas.

In requesting a writ of coram nobis, petitioner seeks to have his first sentence vacated and set aside. If this were done, petitioner's second conviction under the "multiple offense statute" would merit re-evaluation, and some relief from that sentence would probably seem in order.

Petitioner presents several questions, which may more conveniently, but no less accurately, be reduced to two questions. Firstly, is a writ of coram nobis a proper remedy under these facts?

As petitioner is no longer incarcerated under the sentence which he wishes to attack, 28 U.S.C. § 2255, by its own wording, is not available to him. In a factually analogous situation to the one at hand, the Supreme Court held that under the All-Writs Section, 28 U.S.C. § 1651(a), the Federal District Court had the power to issue a writ of coram nobis, but that "[c]ontinuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice." United States v. Morgan, 346 U.S. 502, 511, 74 S.Ct. 247, 252, 98 L.Ed. 248 (1953). The Court went on to say that "[a]lthough the term has been served, the results of the conviction may persist. Subsequent convictions may carry heavier penalties, civil rights may be affected." Supra, at pp. 512–513, 74 S.Ct. at p. 253. So it would seem, that despite the desired narrow application of the writ, petitioner has chosen the proper route to obtain the extraordinary remedy he seeks.

This conclusion leads to the second and major question presented by the petition; was the indictment in the first action fatally defective, so as to warrant this Court's granting a writ of coram nobis and setting the conviction aside? The answer to this question is found in a reading of the indictment itself and in the pertinent case law, therefore a formal hearing of this matter would seem to serve no useful purpose.

The allegedly defective indictment reads as follows:

That on or about the 2nd day of October, 1953, in the City and County of Denver, State and District of Colorado, FRANK EDWARD SEPULVEDA did acquire and have transferred to him, receive and have in his possession seven marihuana cigarettes, without having paid the transfer tax required by law, the

said FRANK EDWARD SEPULVEDA then and there being a transferee within the meaning of Section 2590(a) of Title 26 U.S.C. and being a person subject to paying the said tax thereon at the time of the transfer, as aforesaid.

▆ Petitioner directs several attacks at this indictment. First he contends that the word "possession" is ambiguous and improper. Although it may seem ambiguous, it is part of the wording of the statute under which he was indicted. To use any other word would be improper, because it would not express the statutory offense of which petitioner was charged. Statutes very often contain ambiguous words; but case law usually builds up around the statutes, construing these words with a certainty that the mere words themselves could never possess.

▆ Petitioner maintains that the indictment is not sufficiently definite because it does not properly "earmark" the place the alleged crime was committed. Citing Skelly v. United States, 37 F.2d 503 (10th Cir. 1930), he says that " * * * the City and County of Denver, State of Colorado * * *" is too vague an allegation of the place of commission. More recent case law makes it clear that this allegation of place is more than sufficient. "An indictment which charges that an offense was committed within a Federal District, without specifying a county or division, is sufficiently definite". Butler v. United States, 197 F.2d 561, 563 (10th Cir. 1952).

Finally, petitioner contends that the indictment is defective because it alleges that he " * * * is a transferee within the meaning of Section 2590(a) of title 26 U.S.C. * * *" This, he maintains, is a mere conclusion and he could as well have been tried as a "transferor" under Section 2590(a). Petitioner contends this allegation as it stands, did not enable him to make his defense, or " * * * to plead jeopardy if he should be indicted again."

▆ Flores v. United States, 338 F.2d 966 (10th Cir. 1964), the latest in a long line of Tenth Circuit cases considering the sufficiency of an indictment, is clear on this point. "The test of the sufficiency of an indictment is not determined by whether the indictment alone will protect the accused against the possibility of double jeopardy." Supra, at p. 967.

▆ Additional language of the Flores case seems fully determinative of all issues raised in the petition. "Each substantive count of the indictment alleges the essential elements of the charged offense with certainty and is sufficient to inform appellant of the nature of the offense charged", and " * * * the judgment must stand if the indictment is sufficient to meet constitutional requirements." Supra, at p. 967.

It appears that the indictment in question sufficiently informs petitioner of the nature of the offense with which he is charged and is sufficient to meet constitutional standards. Therefore it is

Ordered that the petition to proceed in forma pauperis be, and the same hereby is, granted, and it is further

Ordered that the petition for writ of coram nobis be, and the same hereby is, denied.