STATE of Missouri, Respondent,

v.

Rickey D. WHITE, Appellant.

No. KCD 28877.

Missouri Court of Appeals,
Kansas City District.

Feb. 28, 1977.

Jon M. Krebbs, Asst. Public Defender, Liberty, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW J. HIGGINS, Special Judge.

Appeal from conviction by a jury of tampering with a motor vehicle. § 560.175, RSMo 1969. Appellant questions the sufficiency of the information. Affirmed.

The information charged: That on or about the 30th day of November, 1975, at the County of Clay, in the State of Missouri, one Rickey D. White did then and there wilfully and feloniously tamper with a 1974 Pontiac Firebird, Missouri license A3N–1972 (1976), a motor vehicle, owned by Michael McClure, by removing the right rear tire therefrom without the permission of the said Michael McClure, against the peace and dignity of the State.

Appellant does not question the sufficiency of evidence to sustain the charge and his conviction. The record contains evidence to show that Rickey D. White did, at about 11:00 p.m., November 30, 1975, in the driveway of a residence at 4909 Northeast 34th Terrace, Kansas City, Clay County, Missouri, remove the right rear tire from a 1974 Pontiac Firebird automobile owned by Michael McClure without the owner's permission. Defendant admitted he removed the tire, but claimed he did so with the consent of the owner. Cf. the similarity of this case with the explication of tampering with a motor vehicle by removing a tire and wheel from an automobile in State v. Ridinger, 364 Mo. 684, 266 S.W.2d 626 (1954), and by removing gasoline, license plate, lights, jack and tools from an automobile in State v. Wood, 266 S.W.2d 632 (Mo.1954).

Appellant contends the information was defective because it "did not adequately advise the defendant of the nature of the crime sufficient for defendant to adequately prepare a defense." In support of his contention, he asserts that the information does not describe the location at which the alleged crime took place: "The mere statement that the crime took place in Clay County, Missouri is not sufficient notice to the defendant as to the place of the crime,

one of the elements in tampering with a motor vehicle. If one does not know the place of the crime, it is impossible to prepare a defense."

 There is no question that if an information fails to charge an offense, the court acquires no jurisdiction to try the information, *State v. Newhart*, 503 S.W.2d 62 (Mo.App.1973); and that the information must describe all elements of the offense charged in order that the defendant may prepare his defense, *State v. Anderson*, 298 Mo. 382, 250 S.W. 68 (1923).

 The information charged Rickey D. White with the offense of tampering with a motor vehicle in Clay County, Missouri, in the language of the statute, Section 560.-175, RSMO 1969. Its sufficiency in describing the elements of the offense comports with informations found sufficient in prior cases. See, e. g., *State v. Wahlers*, 56 S.W.2d 26 (Mo.1932); *State v. Anderson*, 231 S.W. 1070 (Mo.App.1921); *State v. Ridinger*, supra.

The place of the crime was alleged as "in the County of Clay in the State of Missouri." Such has always been a sufficient description of the element of place. See *Tucker v. State*, 481 S.W.2d 10, 14[3] (Mo. 1972), dealing with an information charging felonious stealing, and *State v. Bussard*, 494 S.W.2d 401, 408[8] (Mo.App.1973), and *State v. Sallee*, 436 S.W.2d 246, 251 (Mo.1969), dealing with burglary of a dwelling and determining that the address of the dwelling within the venue alleged is not an element of the crime.

 In the circumstances of defendant's own testimony that he took the tire, it is difficult to perceive how the information could have failed to advise him of the location of the taking; however, if he desired or needed further particulars, he could have filed a motion to that effect. *State v. Bussard*, supra; *State v. Rose*, 428 S.W.2d 737 (Mo.1968); Rules 24.03, 24.11, V.A.M.R.

Appellant cites *Partson v. United States*, 20 F.2d 127 (8th Cir. 1927), to the effect that an information charging commission of a crime in a county named, but alleging no particulars as to place, is insufficient. This stringent requirement has been nullified in that "such precision and detail as were held necessary to charge an offense in * * * *Partson v. United States* * * * are no longer required." *Lowrey v. United States*, 161 F.2d 30, 35 (8th Cir. 1947), cert. den. 331 U.S. 849, 67 S.Ct. 1737, 91 L.Ed. 1858 (1947).

Judgment affirmed.

All concur.